## John Kelley v. The State.

### No. 3546. Decided May 22, 1907.

**1.—Perjury—Indictment—Variance—Surplusage.**

Upon trial for perjury, where the indictment alleged the publication of the order declaring the result of the local option election as required by law, and the proof offered showed such publication by the commissioners court, there was a variance, but such allegation in the indictment could be rejected as surplusage and the evidence offered substantially proving the charge was admissible.

**2.—Same—Void Indictment—Predicate for Perjury.**

Where upon trial for perjury the same was predicated upon a defective in-

formation, still perjury could be committed under such information or indictment notwithstanding such defect, and the same afforded a predicate for a charge of perjury.

**3.—Same—Credible Witnesses—Necessary Proof in Perjury.**

Where upon trial for perjury the testimony of the prosecuting witness directly traversed the alleged false testimony of the defendant, and other witnesses for the State gave testimony tending to support that of the first witness, the law with reference to perjury was satisfied.

**4.—Same—Charge of Court—Definition of Terms.**

Upon trial for perjury where the court's charge defined the words deliberately and willfully as applied to this offense, there was no error.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction for perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. W. Foster,* for appellant.—Ladwig v. State, 51 S. W. Rep., 391.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of predicate for perjury: Powers v. State, 17 Texas Crim. App., 428.

HENDERSON, JUDGE.—Appellant was convicted of perjury and his punishment assessed at two years in the penitentiary; and prosecutes this appeal.

The indictment in this case is predicated on an alleged perjury by appellant on the trial of a local option case; the assignment being substantially that on the trial of said case, John Kelley (this appellant), swore that he did not on the certain occasion inquired about sell intoxicating liquor to Sam Bishop, which was alleged to be material, and the falsity thereof was charged. On the trial the State offered in evidence the information, which, among other things, recited as follows: "* * * and thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county," etc. The objection to the introduction of said information being that there was a variance between it and the allegation on that subject in the indictment in this case; said allegation in regard to the publication of said order declaring the result of the local option election being as follows: "And after the commissioners court of said county had passed an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county, and after said order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county had been duly published as required by law." There is evidently a variance between the proof offered and the allegation in the indictment, the indictment showing publication of the order as required by law, and the information offered in proof showing publication by the commis-

sioners court. However, this was an unnecessary allegation in the perjury indictment. It was only required that said indictment allege enough of the former trial to show the jurisdiction of the court to try the case. In that respect it was only necessary for the pleader to have alleged, that there was then and there pending before the said county court, and then and there being tried before said court a certain information charging the said John Kelley with violating the local option law, which was then and there in force and effect in said county, etc., it not being necessary to set forth in said indictment the constituent elements of the information. But the question is, having set same out in terms, was it required to prove same as alleged We think not, and, therefore, the · details as alleged could be ignored; that is, rejected as surplusage, and any information which substantially charged the offense could be offered in evidence as proof thereof. See Mayo v. State, 7 Texas Crim. App., 342, and Smith v. State, 145 Ind., 176. This brings in review another question. We have heretofore held that an information such as the one introduced in evidence in this case is not a valid information, but is subject to be quashed on proper motion. See Hode Carnes v. State, 17 Texas Ct. Rep., 526, and the question thus presented is, can perjury be predicated on an information that is defective? Unquestionably an acquittal on such information would be a bar to any subsequent prosecution on account of the same offense, and the authorities hold that where the court has jurisdiction, and the indictment is irregular, but the case is tried, perjury can be committed on the trial. See Smith v. State, 31 Texas Crim. App., 315; Anderson v. State, 24 Texas Crim. App., 705, and Cordway v. State, 25 Texas Crim. App., 405, and it is held that where an indictment may be held void, still perjury can be committed on the trial under such indictment. See State v. Rowell, 72 Vt., 28, 82 Amer. State Rep., 918, and State v. Brown, 68 New H., 200. We accordingly hold that notwithstanding the defect in the information that the testimony of appellant on the trial of said case, being false, affords the predicate for a charge of perjury.

It is further contended that the falsity of appellant's testimony is not shown by the evidence of two credible witnesses, or of one credible witness strongly corroborated by other circumstances. We do not agree to this contention. The testimony of the prosecuting witness in the local option case, to wit: Sam Bishop, who testified in the perjury case, directly traversed the alleged false testimony of appellant. Larken Stacy, another witness for the State, gave testimony tending to support the testimony of Sam Bishop, and Clyde Sweeton (the county attorney), also testified in the case, and his testimony, in essential features, tends directly to support and corroborate the testimony of Bishop. In our opinion the testimony is sufficient. The view we have taken above would render unnecessary the special requested charges of appellant on this subject.

We further believe that the court's charge defining the words delib-.crately and wilfully as applied to this offense was sufficient.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*

· Brooks, Judge, absent.