### J. T. WADDLE v. THE STATE.

#### No. 2697. Decided March 18, 1914.

#### Rehearing denied April 15, 1914.

**1.—Perjury—Indictment.**

· Where, upon trial of perjury, the indictment was sufficient. under approved precedent, there was no error in overruling a motion to quash.

**2.—Same—Evidence—Moral Turpitude—Remoteness.**

Where the State's witness had been convicted of a felony twenty-one years previous to his testifying, there was no error in holding that said conviction was too remote to affect the credibility of the witness. Following Spiller v. State, 61 Texas Crim. Rep., 555.

**3.—Same—Evidence—Immaterial Question.**

Upon trial of perjury based upon the examining trial testimony which was admitted in evidence, the fact that the complaint upon which the examining trial was had should have been quashed is immaterial, the court having jurisdiction of the trial.

**4.—Same—Charge of Court—Requested Charges.**

Where the requested charges in so far as they were applicable were covered by the court's main charge, there was no error in refusing same, the court having given a full and proper charge of the law as applied to the facts of the case.

**5.—Same—Limitation—Other Offense.**

Where the defendant was tried for perjury for alleged false testimony given during a trial wherein another party was charged by him with fraudulent disposition of certain mortgaged property, limitation will not begin to run

until the date the defendant is alleged to have given the alleged false testimony, and not at the date of the other alleged offense.

**6.—Same—Charge of Court—Other Transaction.**

Where the testimony upon trial of perjury showed that defendant testified on a former trial as to a certain note upon which the charge of perjury was based, there was no error in refusing a charge with reference to some other note.

**7.—Same—Sufficiency of the Evidence.**

Where the evidence was sufficient to support a conviction for perjury, there was no error.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Palmer,* for appellant.—On question of jurisdiction and limitation: Emery v. State, 57 Texas Crim. Rep., 423; Pyles v. State, 83 S. W. Rep., 811; Rainey v. State, 19 Texas Crim. App., 479; White v. State, 4 Texas Crim. App., 488.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—This is the second appeal in this case, the first opinion on the former appeal being reported in 69 Texas Crim. Rep., 334, 153 S. W. Rep., 882.

It appears from the record that J. T. Waddle, appellant, appeared before J. T. Washington, justice of the peace of precinct No. 4 in Comanche County, and swore out a complaint charging that J. C. Hale, in December, 1908, did dispose of certain personal property, on which the said J. T. Waddle had a valid and subsisting mortgage. The cause was set down for a hearing, and on this trial it is alleged that Waddle appeared, was sworn as a witness, and testified that Hale at the time he swore out the complaint was indebted to him in the sum of six hundred and fifty dollars as evidenced by a certain note, and that the payment of said note was secured by a mortgage; that after the filing of said complaint, and before the examining trial, the said J. C. Hale had paid to appellant the said sum of six hundred and fifty dollars in payment of said note; whereas in truth and in fact the said Hale did not at the time of making the complaint owe Waddle the said sum of six hundred and fifty dollars, nor any part thereof—that while the said Hale had executed such note, secured by a mortgage, they were wholly without consideration, having been given to protect the said Hale's crop from his creditors; that the only sum due by said Hale to Waddle was a note for the sum of $80, which was not secured by any mortgage, and there was no debt secured by any mortgage due by Hale to Waddle, and no valid mortgage had been given by said Hale to appellant, and said Hale had not in fact disposed of any mortgaged property, and in truth and in fact the said

Hale had not between the time the complaint was filed and the time of the examining trial was had, paid the said Waddle the said six hundred and fifty dollars. The testimony given by appellant on the examining trial that "J. C. Hale owed him one note for $650 was false and untrue, and all that part of said testimony of said Waddle that Hale had paid the $650 note was false and untrue," which said statements were deliberately and wilfully made, and were deliberately and wilfully false, as appellant then well knew, etc.

Appellant filed a motion to quash the indictment on several grounds, none of which we think are well taken, but the indictment in plain and succinct terms notified appellant that he was charged with the crime of perjury in falsely swearing at the examining trial that Hale was indebted to him in the sum of $650, which was secured by a valid mortgage, when in fact Hale owed him no note for such amount, and he held no valid mortgage to secure the payment of that sum or any other sum; that Hale had paid him the note since the filing of the complaint against him; that when appellant so testified he knew such statements were false and untrue. The evidence would justify a finding that in the fall of 1908 Hale gave appellant a note for $650 and a mortgage to secure the payment of same, which said note and mortgage were without consideration and given solely to prevent Hale's creditors from levying on his property; that thereafter during the fall of 1909 Hale borrowed $80 from appellant, but gave no mortgage to secure said sum, and not paying same promptly when due, appellant filed the complaint against him to force the payment of the unsecured note; that Hale paid the $80 note, when to justify himself in filing the complaint appellant testified on the examining trial of Hale that Hale had paid him both the $80 note and the $650 note, when in truth the $650 note was without consideration and nothing had been paid thereon.

In the next bill appellant complains that he was not permitted to prove that Hale, a witness for the State in 1892, was convicted of a felony and sent to the penitentiary. This trial was held in May, 1913, twenty-one years after said conviction was had, and the court did not err in holding said conviction too remote to affect the credibility of the witness. Spiller v. State, 61 Texas Crim. Rep., 555, 135 S. W. Rep., 549, and cases there cited.

The fact that the complaint upon which the examining trial was had, on a motion to quash, should have been quashed, is immaterial. No such motion was made, and an examining trial was had thereon in a court of competent jurisdiction, at which appellant appeared and testified under oath, and under such circumstances an indictment for perjury would lie upon such testimony, if false. (Anderson v. State, 24 Texas Crim. App., 705; Kelley v. State, 51 Texas Crim. Rep., 507; Cordway v. State, 25 Texas Crim. App., 405.) The complaint was admissible as a matter of inducement, and the warrant of arrest, with the return thereon, to show that the examining court had jurisdiction over the person of Hale. (Wilson v. State, 27 Texas Crim. App., 47; Anderson v.

State, 24 Texas Crim. App., 705.) Therefore, the court properly admitted the testimony, and correctly refused the special charge requested by appellant that if the complaint against Hale was not a valid complaint they would acquit appellant.

A "credible witness" was defined by the court in language frequently approved by this court, and it was, therefore, unnecessary to give the special charge requested defining these words. Every special charge requested by appellant, insofar as it was the law of the case and applicable to the testimony, was fully covered by the court's charge as given to the jury. On the issues the court instructed the jury:

"Now if you believe from the evidence beyond a reasonable doubt that on or about the date alleged in the indictment and in Comanche County, Texas, and in that certain criminal judicial proceeding mentioned in the indictment and in the Justice Court of precinct No. 4 of Comanche County, Texas, and before J. T. Washington, justice of the peace, who was then and there sitting and holding his court as alleged in the indictment, and that on the trial of the case of the State of Texas v. J. C. Hale in said court on a charge of unlawfully disposing of mortgaged property, that 'the defendant, J. T. Waddle, appeared as a witness in said case, and that he was then and there sworn as a witness by J. T. Washington, the justice of the peace, and that thereafter he did then and there and with reference to the $650 note for which he claimed to have a mortgage, if he made said claim, state and testify, as a witness before and to the court, 'that J. C. Hale owed him one note for $650 and another note for $80 at the time he (J. T. Waddle) made complaint, meaning the complaint upon which said prosecution against J. C. Hale for unlawfully disposing of mortgaged property was based, and that after said Hale was arrested and before the examining trial in question, Hale had paid him (meaning Waddle) the said $650 note and the $80 note and interest amounting to $18.50, making in all $748.50 that Hale had paid him, and if you further believe from the evidence beyond a reasonable doubt that the said J. C. Hale did not in fact owe the said J. T. Waddle the $650 note in question at the time it was alleged in the complaint in said Justice Court that he had disposed of mortgaged property and that in truth and in fact neither the $650 note in question nor the mortgage in question were valid, subsisting and unsatisfied claims and obligations of the said J. C. Hale to the said J. T. Waddle, at the time of the alleged unlawful disposition of mortgaged property by J. C. Hale, but that in truth and in fact said note and mortgage did not represent a valid and subsisting indebtedness and lien of Hale to Waddle at said time, but that prior thereto said note and mortgage had been executed by J. C. Hale to J. T. Waddle merely to protect Hale's crop from his creditors, and that said note and mortgage was without consideration, and that the same was not in fact the debt of J. C. Hale and that he had not in fact unlawfully disposed of mortgaged property as alleged in the complaint in question in the Justice Court in question and that in truth and in fact the said J. C. Hale did not pay the said J. T. Waddle the sum of

$748.50, including the $650 note in question, between the date he was arrested and the date of the examining trial on the charge in the Justice Court in question, but only paid him the sum of $98.50, same being the amount he owed Waddle on the $80 note in question, and that said $80 note was not secured by a mortgage, and if you further believe from the evidence beyond a reasonable doubt that all that testimony of J. T. Waddle to and before the justice of the peace in question that 'J. C. Hale owed him one note for $650,' if he gave such testimony, and that all that part of his testimony that 'J. C. Hale had paid him the $650 note,' if he gave such testimony, was wilfully and deliberately false and that the falsity thereof has been established by two credible witnesses or by one credible witness strongly corroborated by other evidence, then in the event you so find you will find the defendant guilty of perjury as charged in the indictment and assess his punishment at confinement in the penitentiary for not less than two nor more than ten years."

This presented the issues fairly as made by the testimony.

No question of limitation would arise in the case, as limitation as to the charge of perjury would not begin to run until the date appellant is alleged to have given the alleged false testimony, and not at the date of the disposition of the alleged mortgaged property, if it had been mortgaged.

There is no question raised by the testimony that if Hale did not give the mortgage to secure the $650 note, he may have given it to secure a $110 note. The testimony would show that appellant testified as to the $650 note at the examining trial, and the perjury is based on this testimony.

The evidence will support the verdict and the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 15, 1914.—Reporter.]