STATE, Respondent, v. DANIELS, Appellant.

(160 N. W. 723.)

(File No. 4000. Opinion filed December 20, 1916. Rehearing denied February 7, 1917.)

1.   **Criminal Law—Preliminary Examination—Compelling Testimony —Statute, Constitutionality of.**

    Under Laws 1907, Chap. 200, providing that when a verified complaint is made before a justice of the peace, police justice or municipal judge, that a criminal offense has been com.. mitted, such magistrate shall issue his subpoena requiring persons to attend before him and submit to an examination concerning any violation of law, which testimony shall be signed and sworn to by the witness, **held**, that such law is not unconstitutional, notwithstanding its provisions might be abused and, under color thereof, a person might be deprived of some

constitutional right; since a proceeding thereunder properly
conducted would not conflict with or impair constitutional
rights of a person.

2.  **Same—Complaint for Perjury—Allegation of Crime Committed,
    Sufficiency.**

    A complaint under Laws 1907, Chap. 200, which did not
    allege in positive terms the commission of a criminal offense,
    but merely that affiant, a states attorney, had received infor-
    mation, causing him to believe that the crime of murder had
    been committed, was sufficient to confer jurisdiction upon a
    justice of the peace, the complaint not having been attacked;
    since perjury may be committed in a proceeding even though
    there are defects and irregularities therein, which would ren-
    der the proceedings voidable; and one testifying falsely in
    such proceedings is guilty of perjury.

3.  **Perjury—Complaint for—Swearing of Witness After Testimony
    Subscribed, Necessity—Statute.**

    An information for perjury alleging that defendant, after
    taking an oath that he "would testify and depose truly," gave
    false testimony, is sufficient to charge a criminal offense, under
    Laws 1907, Chap. 200, providing for signing and swearing to
    testimony of a witness after the testimony is reduced to writ-
    ing, but not providing that the witness shall be sworn before
    testifying; although Pen. Code, Sec. 157, provides that false
    testimony is that given by a person having taken an oath in
    any cases in which an oath may be administered; since in
    other statutory proceedings wherein evidence is required to
    be taken without there being statutory direction for swearing
    of witnesses, and under the common-law, which remains in full
    force, except as modified by the changed conditions or express
    statutory provisions, no person is competent as a witness, who
    has not been sworn prior to giving testimony.

4.  **Criminal Law—Killing by Dynamite—Evidence of Dynamite Ex-
    ploded—Contact With Body—Prejudicial Evidence.**

    In a prosecution for perjury, defendant having testified that
    a man had been murdered and then dynamite exploded under
    his body to destroy the evidence, the state's contention being
    that the death was caused by accidental explosion of dynamite
    but not contending the dynamite was not in contact with the
    body when it exploded, **held**, that expert testimony as to the
    effect of dynamite when exploded while not in contact with the
    body, was not prejudicial; since at best such evidence would
    not tend to disprove the state's case, nor would it have bene-
    fited defendant.

5.  **Perjury—Failure to Prove Motive—Degree of Certainty Required
    —Sufficiency of Evidence.**

    Where the state failed to prove what motive prompted de-

fendant to give the alleged perjured testimony, relating to an
alleged murder, most clear and convincing proof of its falsity
is necessary to warrant conviction of perjury.

6.    Same—Evidence of—Witness' Observation of Alleged Homicide—
        Impossibility of His Seeing the Act—Sufficiency of Evidence.
        In a prosecution for perjury, held, that defendant's testimony
    that, standing over a mile from the spot where the person was
    killed, he saw what occurred at the scene of the alleged mur-
    der, was clearly false; the undisputed evidence demonstrating
    to a certainty, that rises of ground between the spot so testi-
    fied to and the point where defendant claimed to have stood,
    were such as to render it a physical impossibility for him to
    have seen what he testified to have seen; and the evidence
    established beyond all reasonable, if not all possible doubt,
    his guilt of perjury.

Appeal from Circuit Court, Butte County.    Hon. JAMES
McNENNY, Judge.

The defendant, Nestor Daniels, was convicted of perjury,
and he appeals.    Affirmed.

*L. M. Simons, Robert C. Hayes,* and *John T. Heffron,* for
Appellant.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,*
Assistant Attorney General, and *T. F. Auldridge,* for the State.

(1) To point one of the opinion, Appellant cited: Case of
Royal C. Johnson, (S. D.) 131 N. W. 453; Boyd v. United
States, 29 L. E. 746; Maki v. State, 112 Pac. 334.

Respondent cited: People v. Molineaux, 168 N. Y. 264, 61
N. E. 268, 62 L. R. A. 193.

(2) To point two of the opinion, Appellant cited: People v.
Titmus, (Mich.) 60 N. W. 693; People v. Howland, (Cal.) 44
Pac. 342; Ex parte Spears, (Cal.) 26 Pac. 608, 22 A. S. R. 341;
30 Cyc. 1411; Anderson v. State, (Tex. App.) 7 S. W. 40; U.
S. v. Robinson, 4 Dak. 72.

Respondent cited: Pen. Code, Sec. 157; State v. Davie, 62
Wis. 305, 22 N. W. 411; State v. Donaldson, 12 S. D. 269; State
v. Smith, 84 Kan. 648, 114 Pac. 1074; Maynard v. People, 25 N.
E. 140 (Ill.); Morford v. Territory, 54 L. R. A. 515; 30 Cyc.
1412 (17).

(3) To point three of the opinion, Appellant cited: Laws
1907, Chap. 200; State v. Theriat, 24 So. 179; People v. Smith,
25 Mich. 498; People v. Gleason, 63 Mich. 628, 30 N. W. 211;
Code Civ. Proc., Sec. 502; Pen. Code, Sec. 157, 188.

WHITING, J. Appellant was convicted of perjury and has appealed from the judgment of conviction and from an order denying a new trial.

[1] He was charged with having committed perjury in testimony given in a proceeding held under the provisions of chapter 200, Laws 1907. This chapter reads as follows:

"Section 1. Whenever any complaint verified upon information and belief is laid before any justice of the peace, police justice or municipal judge, that a criminal offense has been committed against any law of this state and asking for an investigation of the same, such justice of the peace, police justice or municipal judge shall issue his subpœna requiring any and all persons to attend before him at the time and place mentioned in such subpœna and submit to an examination and give testimony concerning any violation of law about which he may be questioned. Such testimony shall be reduced to writing by the justice and shall be signed and sworn to by the witness. * * *"

Appellant attacks the sufficiency of the information herein, contending that chapter 200, supra, is invalid, because in conflict with various provisions of the Constitution of this state and that of the United State; but he has failed to point out any particular wherein such statute conflicts with such Constitutions. While it is true that the provisions of this law might be abused, and, under color of the same, some person might be deprived of some constitutional right, yet a proceeding thereunder, if properly conducted, would not conflict with or impair the constitutional rights of any person.

[2] The information herein set forth the fact that the proceeding in which the alleged perjured testimony was given was held under said chapter 200, and also set forth a copy of the complaint that was filed before the justice of the peace in such proceeding. Such complaint did not allege, in positive terms, the commission of a criminal offense, but alleged that "affiant has received information which causes him to believe that the crime of murder has been committed." This complaint was in the form of an affidavit, was signed by the state's attorney, and was by him subscribed and sworn to before the justice. Appellant contends that such complaint was insufficient to confer jurisdiction upon the justice, and that evidence given by defendant in such unauthor-

ized proceeding could not form the basis of a charge of perjury. It will be seen that the above statute contemplates that the complaint shall contain a positive allegation of the commission of a criminal offense, but that it may be verified as upon information and belief. There is no merit in appellant's contention. We do not deem it necessary to determine whether or not the complaint filed before the justice was subject to objection, if an objection had been interposed thereto, but it is clear to us that such complaint was sufficient to give the justice jurisdiction and to authorize the examination of witnesses. The law seems to be well settled that perjury may be committed in a proceeding, even though there are defects and irregularities therein which would render the proceedings voidable, provided such defects and irregularities are not jurisdictional, and are such as might be amended or have been waived, and that perjury may be committed at a trial or proceeding, although the complaint or other pleading filed therein would be held bad on demurrer. 30 Cyc. 1412; Waddle v. State, 73 Tex. Cr. R. 501, 165 S. W. 591; State v. Peters, 107 N. C. 876, 12 S. E. 74; Etheridge v. State, 76 Tex. Cr. R. 198, 173 S. W. 1031; Gardner v. State, 80 Ark. 264, 97 S. W. 48; Murford v. Territory of Oklahoma, 10 Okl. 741, 63 Pac. 958, 54 L. R. A. 513, and notes.

[3] The information of the state's attorney alleged that the defendant, after taking an oath that he "would testify and depose truly," gave certain alleged false testimony in such information set forth. Appellant contends that such allegation was insufficient to charge a criminal offense, that chapter 200, supra, requires the testimony given at the hearing to be reduced to writing and then subscribed and sworn to, and that the information failed to allege that such testimony was reduced to writing and subscribed and sworn to, but merely alleged the giving of the testimony *after* defendant had been sworn. Appellant contends that there was no authority which authorized the justice to swear him prior to the giving of his testimony, that the only oath that could lawfully be administered to him was his oath in connection with the signing of written transcript of his testimony, and that it is only in case where testimony is given under an oath properly administered that a person can be held for perjury. Section 157, Penal Code, specifically provides that the false testimony must be given by a person

"having taken an oath * * * in any of the cases in which an oath * * * may be administered." We are therefore confronted with the question of whether it was proper for the justice to administer an oath to appellant previous to his examination, there being no provision of said chapter 200, supra, directing that a witness be so sworn. An examination of our statutes will disclose the fact that there are other statutory proceedings wherein evidence is required to be taken without there being any statutory direction for the swearing of witnesses. Thus there is no statutory provision requiring that witnesses shall be sworn before testifying upon a criminal trial before a justice of the peace. The same is true in relation to the state's witnesses upon a preliminary hearing of a person charged with the commission of an indictable offense. By the rules of the common law no person was completent as a witness who was insensible to the obligation of an oath, or who had not taken an oath. The common-law rules regarding competency of witnesses remain in full force, except as modified by changed conditions or by express statutory provisions. The statutes of this state have modified the common-law rule to the extent only of allowing an affirmation in lieu of an oath in certain cases. No person is competent to give testimony as a witness who has not been sworn or given affirmation prior to the giving of such testimony. The justice of the peace was not only authorized, but it was his duty, to require appellant to take the oath prior to the giving of his testimony. As a matter of fact, as appears from the printed record, the defendant not only took the oath before giving the testimony complained of; but such testimony was reduced to writing and then subscribed and sworn to by him. These facts did not appear on the face of the information.

[4] It seemed to be appellant's theory, as shown by his testimony, that the party, whom he alleged to have been guilty of the shooting, had placed dynamite under the body of his victim, and had discharged such dynamite with the intent and purpose of destroying the evidence of the injuries which he had inflicted upon him. It seemed to be the theory of the state that the death was the sole result of an accidental explosion of dynamite, and did not occur through the acts of any other party whatsoever. Appellant called a witness who testified that he had had experience

in the handling of dynamite. He sought to draw from such witness testimony in relation to what the effect of dynamite would be if discharged when the same was not in physical contact with the body of a man who was injured thereby, and this testimony was excluded. There was no claim on the part of the state that the dynamite was not in physical contact with the body of such man at the time of the explosion. At the best, the evidence sought would only have shown that such an injury as was inflicted might have resulted if conditions were as testified to by appellant, but would in no manner have tended to disprove the state's case. We cannot see wherein it could have benefited appellant, or wherein he was prejudiced by its exclusion.

[5] Appellant questions the sufficiency of the evidence to sustain the verdict. The state did not attempt to prove what motive prompted defendant to give the alleged perjured testimony. This testimony was of the most serious nature, because, if believed by a jury upon a trial of the person against whom directed, it would warrant a verdict finding such person guilty of murder. To warrant a conviction of perjury in the giving of such testimony, when no motive for such perjury was shown, certainly required most clear and convincing proof of the falsity of such testimony.

[6] Defendant swore that he saw the acts constituting the alleged murder. He located the place where he stood when he saw these acts. The party killed was over a mile from him. He swore in detail as to what occurred at the scene of the alleged murder. The conceded distance between where he stood and the place of the alleged murder was so great as to raise some doubt in regard to one's ability to see all that defendant claimed to see. It was undisputed that there was an explosion of dynamite that blew off one of the victim's hands and otherwise mutilated his body. There was evidence which established, almost or quite beyond all possible doubt, the exact spot of the explosion. This evidence consisted chiefly of testimony in relation to a hole in the ground apparently resulting from the explosion, and in relation to the finding of pieces of human flesh and clothing around such hole. There was undisputed evidence demonstrating to an absolute certainty that there were three rises of ground between the spot so testified to and the point where defendant claimed to have

been standing at the time of the explosion, and that every one of these rises was such as to render it physically impossible for any one located where defendant claims he was standing to have seen what he claims to have seen, provided it occurred at the spot so established by the state's testimony. The defendant claimed that the scene of the explosion was at some distance from the place fixed by the state's testimony. This claim was clearly false. That defendant was guilty of perjury was established beyond all reasonable, if not all possible, doubt.

. There are no other assignments, discussed by appellant, which present any question meriting our consideration.

The judgment and order appealed from are affirmed. .