CLE HERNDON v. THE STATE.

No. 4612. Decided November 7, 1917.

Rehearing denied December 5, 1917.

1.—Perjury—Sufficiency of the Evidence.

Where, upon trial of perjury, the evidence is sufficient to sustain a convic-tion, there was no reversible error.

2.—Same—Indictment—Name of Injured Party—Name of Defendant.

Where, upon trial of perjury, the first count in the indictment was dismissed the objections to the first count as to the names of the injured parties and of the defendant could have no application to the second count in which there was no such defect; besides, taking the indictment as a whole, it is certain that the alleged owners were the same in both counts of the indictment, and the defendant could not have been misled.

3.—Same—Indictment—Words and Phrases.

Where, upon trial of perjury, the indictment is based on false testimony given in another case, which was for arson, an objection to said arson indictment that it omitted the word wilful, and that therefore perjury could not be based upon a trial thereon, is untenable. Following Kelley v. State, 51 Texas Crim. Rep., 507, and other cases.

4.—Same—Preliminary Statement—Prosecuting Attorney.

Under Article 717, Subdivision 3, C. C. P., the prosecuting attorney is au-thorized to make a preliminary statement to the jury as to the accusation against defendant and the facts he expects to prove, and his reference to a written state-

ment by the defendant and which he expected to prove and which was not intro-
duced in evidence did not constitute reversible error; besides, the exceptions there-
to were defective.    Following *Himmelfarb v. State,* 76 Texas Crim. Rep., 173.

### 5.—Same—Evidence—Indictment.

Upon trial of perjury, there was no error in admitting in evidence the indict-
ment for arson, upon trial of which the perjury arose in the instant case.

### 6.—Same—Stenographic Notes—Evidence.

Upon trial of perjury, there was no error in permitting the court reporter
to testify both from his recollections and from his stenographic notes written at
the time as to what defendant swore to upon the trial of the case in which the
alleged perjury testimony was given.

### 7.—Same—Evidence—Possession—Ownership.

Where the indictment for perjury alleged that the house which was burned
and upon trial of which the alleged perjury testimony arose was in possession
of certain parties, there was no error in permitting testimony of one of the joint
owners of said house that it was in possession of said parties.

### 8.—Same—Evidence—Circumstances.

Where the alleged perjury was based upon testimony given by the defendant
in the trial of another person for arson, there was no error in admitting testimony
that some of the property belonging to the person charged with arson was found
in the debris of the burned house and was saturated with oil.

### 9.—Same—Accomplice Testimony—Charge of Court—Credible Witness.

Where, upon trial of perjury, based upon testimony given by defendant in an
arson case, the defendant claimed on appeal in his motion for rehearing for the
first time that a State's witness was an accomplice in the original arson case, and
that therefore he could not be a credible witness in the perjury case, but there
was no evidence that said witness was an accomplice of defendant to either the
arson or perjury case, such contention was untenable, and the mere knowledge
of said witness that defendant was going to commit arson would in no sense make
him an accomplice so as to make him an incredible witness in the perjury case of
defendant.                                           \

Appeal from the District Court of Young.    Tried below before the
Hon. William N. Bonner.

Appeal from a conviction of perjury; penalty, four years imprison-
ment in the penitentiary.

The opinion states the case.

*Arnold & Arnold,* for appellant.—On question of indictment:   Willis
v. State, 24 Texas Crim. App., 487;  May v. State, 33 Texas, 341;
Roberson v. State, 60 Texas Crim. Rep., 514;  Saragoso v. State, 40
id., 64.

Upon question of conduct of district attorney in making preliminary
statement to the jury:   Haum v. State, 13 Texas Crim. App., 383;
Adams v. State 34 Texas, 527;  Murff v. State, 76 Texas Crim. Rep., 7,
172 S. W. Rep., 238.

Upon question of accomplice:   Smith v. State, 22 Texas Crim. App.,
196;  Plummer v. State, 35 Texas Crim. Rep., 202;  Conant v. State,
51 Texas Crim. Rep., 610, 103 S. W. Rep., 897;  Miles v. State, 73
Texas Crim. Rep., 493, 165 S. W. Rep., 567.

Upon question of credible witness: Wilson v. State, 27 Texas Crim. App., 47; Kitchen v. State, 14 S. W. Rep., 392.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Upon question of preliminary statement by district attorney: Sue v. State, 52 Texas Crim. Rep., 122, and cases stated in opinion.

On question of indictment: Kelley v. State, 51 Texas Crim. Rep., 509; Waddle v. State, 69 Texas Crim. Rep., 334, 165 S. W. Rep., 591; Anderson v. State, 24 Texas Crim. App., 705.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for perjury. On the night of February 21, 1916, a house in Graham, in said county, belonging to the Tidwells and occupied at the time as a barber shop by Guy Norred and James Self, was set fire to and burned. Shortly thereafter appellant was indicted, tried and convicted for arson, the burning of said house. Said Guy Norred was also indicted as an accomplice of appellant in said offense of arson. After appellant, under said conviction, had served a short time in the penitentiary, and before the trial of said Norred, he represented to the officers that he had burned said house at the instance of said Norred, who had agreed to pay him $25 to burn it, and would also testify to other material facts showing Norred was guilty as an accomplice, and that if he was pardoned he would so testify, which was the truth, in the case against Norred. He, at the time, made a complete written statement, signed by him, in which he stated all the facts, as he claimed, about the burning, which would clearly show that Norred hired him to burn said building and that he had burned it at his solicitation and such state of facts signed by him would clearly tend to establish the offense charged against Norred. Thereupon the officers secured a pardon for appellant from his said conviction. Thereafter, upon the trial of Norred on March 12, 1917, he was introduced by the State, after being duly sworn, and testified. Therein he swore the reverse of what he had told the officers were the facts, and among other things he swore that he did not know who set fire to and burned said building; that he did not set fire to and burn it; that he did not, when said building was burning, go therefrom in a northerly direction across the railroad tracks of the Chicago, Rock Island & Gulf Railway Company; and did not go in an easterly direction after crossing said tracks to a cemetery; and did not at the said cemetery mount a horse ridden by Bert Taylor; all of which statements by him were false and known to be so at the time he so swore and that they were deliberately and wilfully sworn to by him at the time. Each of these said alleged false statements by him was made the basis of perjury against him in this case.

The testimony was amply sufficient to sustain his conviction on each and all of the alleged false statements made the basis of the charge of perjury against him.

The indictment herein was in two counts. The second only was submitted to the jury for a finding. It is therefore unnecessary to state

anything about the first. The second, in addition to other matters, fully alleged the said indictment against Norred; his trial thereunder: that appellant was introduced as a witness on that trial and was duly and legally sworn; and that he did deliberately, corruptly and falsely testify to each of said matters made the basis of perjury herein.

Among other averments, the indictment alleged that it became and was a material inquiry as to who set fire to and burned a certain building in Graham on said date of February 21, 1916, "said building being owned by W. I. Tidwell, Horace Tidwell and Virgil Tidwell, and being used as a barber shop, and being occupied by said Guy Norred and one James Self"; and in other places in said indictment, in alleging the owners of said building, the allegation was "said building being owned by the said W. I. Tidwell, Horace Tidwell and Virgil Tidwell, and being used as a barber shop by Guy Norred and James Self." In said second count the ownership of said building was alleged each time as being owned by the said three Tidwells, giving the name of each, the same in every instance. Appellant made a motion to quash the indictment, one ground being that the allegation therein was that the house belonged to W. I. Tidwell, R. B. Tidwell and Horace Tidwell; and then in alleging the names of said owners instead of alleging R. B. Tidwell as one of the owners it alleged that Virgil Tidwell, with the other two, were the owners. Evidently appellant's motion on this ground applied to the first and not the second count. As stated, the second count only was submitted; the first count was not; hence his motion on that ground was correctly overruled.

Another ground to quash was that his name in some places was alleged to be "Cleo" Herndon, and that was not his name, but that "Cle" Herndon was. This ground must also have been based on the first count and not on the second because in the second his name is uniformly alleged to be "Cle" Herndon and his name therein is not alleged as "Cleo" Herndon. However, as to both of these grounds, taking the allegations of the indictment as a whole, it is certain that the three alleged owners were the same persons whether one of them was named "R. V.," "R. B.," or "Virgil," because it sufficiently appears from the indictment that in giving their names the word "said" was used, clearly thereby showing that whether one of the three names was "R. B.," "R. V.," or "Virgil," that the same person, and only he, was meant and intended, and appellant could in no way have been misled or prejudiced thereby. 1 Branch's Ann. P. C., sec. 460, and cases there cited by him. See also 1 Branch's Ann. P. C., p. 242, sec. 467, and cases there cited. See also 2 Vernon's Crim. Stats., p. 231, and cases there cited.

Said second count, among other things, alleged what the said indictment against Guy Norred charged. Another ground of appellant's motion to quash is, that the indictment against Norred, as alleged herein, omitted the word "wilful" from the charging part thereof; and he claims because thereof the indictment therein was fatally defective and that appellant because thereof could not be convicted of perjury in

the trial of that cause. This question has been expressly and repeatedly correctly held against appellant. Kelley v. State, 51 Texas Crim. Rep., 507; Anderson v. State, 24 Texas Crim. App., 705; Cordway v. State, 25 Texas Crim. App., 405; Smith v. State, 31 Texas Crim. Rep., 315; Ball v. United States, 163 U. S. Sup. Ct. Rep., 662; State v. Brown, 128 Iowa, 24; State v. Rowell, 72 Vermont, 28; State v. Brown, 68 N. H., 200.

Article 717, subdivision 3, C. C. P., expressly authorizes the prosecuting attorney preliminary to state to the jury the nature of the accusation against appellant and the facts which are expected to be proved by the State in support thereof. The district attorney, in this case, as authorized by this statute, made such a statement to the jury, and among other things he told them that he expected to prove the written statements made by appellant which are referred to above, which were, in substance, that he committed the said crime of arson and that said Norred employed him to burn said house, and that he had, before he burned the house, told Bert Taylor that he was going to burn it and to wait for him at said graveyard, and that after he burned the house gave his route therefrom and where Bert Taylor was at the graveyard, and that he got on Taylor's horse and went to his house some seven miles in the country that night and returned to Graham the next morning; and that while going home with Taylor that night he told him that he had burned the house and that Norred had promised to give him $25 therefor. Appellant objected to the district attorney making this statement of what he expected to prove because said purported confession, or statement, signed by appellant, was made while he was in custody and in jail, not warned, etc., and that it, therefore, could not be introduced in evidence against him; and that the district attorney's recollection of what was stated therein was improper; that the original itself would be the best evidence thereof. As stated, this was a mere preliminary statement by the district attorney of what he expected to prove. He was not then introducing evidence nor said purported statement signed by appellant. The record discloses that no such paper was ever introduced in evidence on the trial and apparently none such was ever offered. Appellant's objections were mere objections. They were not approved by the judge as a statement of facts. As the district attorney stated what he expected to prove, if, as a matter of fact, he failed to prove it on the trial it would have been against the State and in favor of the appellant. The bill does not show that the district attorney said he was going to introduce that statement by appellant. We think the bill shows no reversible error. Himmelfarb v. State, 76 Texas Crim. Rep., 173.

The court did not err in admitting in evidence the indictment against said Norred, over his objection, as to the appellant's name and the names of the owners of said house. This question is discussed above.

The court did not err in permitting Mr. Hankerson, the court reporter, to testify both from his recollection and from his stenographic notes taken at the time, what appellant swore on the Norred trial.

1 Branch's Ann. P. C., p. 51, where the rule is stated and the authorities collated. Neither did the court err in permitting one of the joint owners, Virgil Tidwell, to testify that the house burned was in the possession of, and rented to, said Norred and Self. His objection is that there was no allegation to that effect. The indictment shows that the house was repeatedly alleged to have been in the possession of said Norred and Self.

The testimony, by several witnesses who were at the fire while the building was burned, was that they smelled oil very strongly; that the house, the barber furniture and towels of said Norred and Self were not entirely consumed; that a day or two, perhaps the second day, after the fire, when the burned stuff was being moved, these towels were found in said barber shop saturated with oil. The court did not err in permitting some of the witnesses to testify that they found among the towels used by said barbers therein saturated with oil. This testimony was admissible.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### December 5, 1917.

PRENDERGAST, JUDGE.—The sole ground set up for rehearing is that the State's witness Bert Taylor was an accomplice and that because thereof appellant could not be convicted on his testimony even though properly corroborated by other testimony because he was not a credible witness.

No such ground was urged in the lower court. Appellant did not object to the court's charge because of its failure to charge that said witness was an accomplice or that he had to be corroborated, nor did he ask any special charge submitting any such issue or anything with reference thereto.

Mr. Branch, in his 1 Ann. P. C., page 360 et seq., lays down correct propositions supported by numerous authorities. One is that in order to be an accomplice witness such witness must be criminally connected with the crime on trial. (Sec. 702.) Again, he says: "The mere concealment of a crime, or the mere concealment of knowledge that a crime is to be or has been committed does not make the person having such knowledge an accomplice," citing a large number of cases. (Sec. 705.)

No evidence in this case shows, or tends to show that said witness Taylor was a party in any sense to the perjury of which appellant was convicted, nor does it show his participation in any way with the arson of which appellant was originally convicted, as explained in the original opinion. The testimony simply shows that said witness swore that appellant, before the arson was committed, told him he was going to burn the house, and that after he had burned it he told him he had done so. Before appellant burned the house he told said witness, in substance, that he wanted to go home with him that night and asked

him to wait for him at a given point where he would later meet him and go home with him. That said witness did wait for him at the point indicated; appellant met him there and went some miles in the country to his home with him and stayed the balance of that night, they both returning to Graham the next morning. This did not make him an accessory. In other words, the testimony shows that said witness was not an accomplice of appellant to either arson or the perjury of which he was convicted in this case. His knowledge that appellant was going to commit arson and did afterwards do so would in no sense make him an accomplice so as to make him an incredible witness in law.

The motion is overruled.

*Overruled.*