ALFRED McCLENDON v. THE STATE.

No. 14640.   Delivered December 23, 1931.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; the punishment, two years in the penitentiary.

The evidence for the state, in brief, shows that on the night of June 19, 1930, the appellant went to the house of Mary Ella Wright about 10 or 11 o'clock, said Mary Ella Wright being in bed; that he knocked on the door of the room in which she was sleeping and she asked him who it was, and he replied, "Alfred McClendon". She testified that he also stated to her before she opened the door, "If you don't open the G— d— door I will knock it down"; that she lit the lamp in the room and went to the door and partly opened it and asked the appellant, "What in the world is the matter with you". She testified that he then grabbed her and commenced to cut her and stated, "I am going to kill you". The evidence further shows that after he had cut her several times she and her daughter, who was living with her, were begging all the time for him not to do it and the little girl, her daughter, was hollering. The evidence further shows that the appellant took the said Mary Ella Wright to a doctor who treated her wounds that night; the evidence shows that the said Mary Ella Wright was cut in three places, two of said wounds were on the left side of the neck and throat and the

other on the left arm; that one of the wounds was directly over the jugular vein but was not deep enough to cut it.

Appellant admitted the cutting but contended that it was done in self-defense. The court charged on assault with intent to kill, aggravated assault, and self-defense.

Two bills of exception appear in the record. Bill of exception No. 1 complains of the action of the trial court in refusing to require the state's attorney to make an opening statement to the jury before offering his evidence embodying the theory upon which the state would prosecute the defendant. Article 642, Code of Criminal Procedure, which describes the order in which a trial before a jury should be conducted, provides in subdivision 3 that the state's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proven by the state in support thereof. This subdivision of said article has been held merely directory and a disregard thereof is not such per se error as invalidates a conviction. No injury to appellant is disclosed from the record, and in the absence of injury, it is not ground for a reversal. Holsey v. State, 24 Texas App., 35, 5 S. W., 523; Wray v. State, 89 Texas Crim. Rep., 632, 232 S. W., 808; Brown v. State, 87 Texas Crim. Rep., 261, 222 S. W., 252.

The appellant complains of the action of the trial court in permitting the district attorney, after he had made his opening argument and after the appellant's counsel stated that he desired to make no argument, to make a further argument to the jury closing the case. No abuse of discretion of the trial court is shown. It is laid down in Branch's Annotated Penal Code, sec. 360, that "if defendant or his counsel decline to speak after the opening argument of the state's counsel, it is within the discretion of the court to permit state's counsel to make another argument". Vines v. State, 31 Texas Crim. Rep., 31, 19 S. W., 545; Wilson v. State (Texas Crim. App.), 72 S. W., 863; Leggett v. State, 62 Texas Crim. Rep., 102, 136 S. W., 784; Walker v. State, 64 Texas Crim. Rep., 70, 141 S. W., 243; Hughes v. State, 67 Texas Crim. Rep., 333, 149 S. W., 17.

No special charges were requested by appellant and there are no bills of exception in the record to the charge of the court, but there are certain exceptions appearing in the record taken to the court's charge, some of which constitute a mere suggestion rather than a specification of faults. Appellant excepted to paragraph 9 of the court's charge alleging that the court should charge affirmatively that if the defendant did not have a specific intent to kill, then he would not be guilty of assault with intent to murder. Paragraph 9 of the court's charge in substance was as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, Alfred McClendon, in the County of Nacogdoches and State of Texas, on or about the time stated in the indictment, did

assault the said Mary Ella Wright with the specific intent then and there to kill her, and not in defense of himself against an unlawful attack, hereinafter defined, then you will find the defendant guilty of assault with intent to kill as charged in the indictment, and assess his punishment at confinement in the penitentiary for not less than two nor more than fifteen years. If you do not so believe, or you have a reasonable doubt as to any of the above elements, you will find the defendant not guilty of that charge and consider whether or not he is guilty of aggravated assault."

Objection is also taken to paragraph 12 of the court's charge contendinging that it limits the rights of the defendant as to his action upon reasonable apprehension of danger in that the law should be given the jury as viewed from his standpoint and his standpoint alone at the time, and as worded is a limitation upon the rights of the defendant. Paragraph 12 is in substance as follows: "A reasonable apprehension of unlawful violence will excuse a party in using all necessary force in protecting his life or person, and it is not necessary that there should be actual danger, but the party assaulting would have the same right to act upon appearance of danger as he would have to act had the danger been real, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint alone at the time."

Exception was also taken to paragraph 13 in that it limits the rights of defendant in that the application is not that as is contemplated in that the law should be applied from the standpoint of the defendant as to reasonable expectation or fear of unlawful violence as the same appeared to the defendant as viewed by him from his standpoint and his standpoint alone. Paragraph 13 complained of is in substance as follows: "If from the evidence you believe that the defendant assaulted the said Mary Ella Wright, but you further believe, or have a reasonable doubt thereof, that at the time of so doing the said Mary Ella Wright was attacking him, or that it reasonably appeared to the defendant, from the words, conduct, or acts of the said Mary Ella Wright, that the said Mary Ella Wright was about to attack him, which caused him to have a reasonable expectation of fear of unlawful violence, and that acting under such reasonable expectation or fear the defendant assaulted the said Mary Ella Wright, and that he used only such force as was reasonably necessary for his self-defense, as viewed from the defendant's standpoint at the time, then you will find the defendant not guilty."

Complaint is also made by the appellant that the court failed to charge the jury regarding the impeaching testimony of the witnesses Juanita Wright and Mary Ella Wright. The said witnesses were both eye-witnesses to the transaction and no evidence was offered by either of them as to any impeachment of the appellant and the mere fact that their statements contradicted those of the appellant as to what occurred at the

time of the alleged assault would not call for any charge on impeaching testimony.

No reversible .error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.