Ricky LEWIS, Appellant,

v.

The STATE of Texas, State.

No. 2–81–104–CR.

Court of Appeals of Texas, Fort Worth.

April 14, 1982.

Wm. Cary Quillin, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

### OPINION

HOLMAN, Justice.

Appeal is taken from conviction for burglary of a habitation. V.T.C.A. Penal Code sec. 30.02.

The punishment, enhanced by a prior felony conviction and assessed by the jury is imprisonment for ninety-nine years.

We affirm.

Appellant complains (1) of the sufficiency of evidence; that (2) he was prejudiced by the State's bolstering its own witness; and (3) the State was allowed to comment repeatedly on an exhibit not in evidence.

The indictment alleged that on December 5, 1978, the appellant did "intentionally and knowingly, without the effective consent of William H. Shelton, Jr., the owner thereof, enter a *habitation* with intent to commit theft." (emphasis added).

To qualify as a "habitation," a structure must be one that is adapted for the overnight accommodation of persons. V.T.C.A. Penal Code sec. 30.01(1).

Appellant concedes that the State's evidence tended to prove a criminal entry to the premises in question did occur on the date alleged.

Appellant argues, however, that there was no direct proof that the burglarized structure was adapted for the overnight accommodation of persons.

We disagree. In testimony, the owner of the burglarized structure described it as a "large one-bedroom apartment" and stated that the stolen property included a portable radio taken from the bathroom.

Police officer Duke testified that he had examined the entire apartment, including its bedroom.

The jury is the exclusive judge of the facts and weight to be given the testimony. V.A.C.C.P. art. 36.16 and 38.04; *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr.App.1974).

We conclude the evidence was sufficient to prove that the structure was a "habitation" within the definition of sec. 30.01(1) and to sustain the jury's verdict.

Appellant's first ground of error is overruled.

In his second ground, appellant relies upon the general rule that the State

may not bolster or corroborate the testimony of its witness, unless that testimony has been impeached or called into question. *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App. 1965).

The State's witnesses included Mrs. Hill, a neighbor to the burglarized apartment. She pointed to the defendant in the courtroom and identified him as the man she had seen approach the apartment with a crowbar and leave it carrying to his car a television set, microwave oven and other items on the day of the burglary.

Continuing her direct testimony, prior to being cross-examined, Mrs. Hill stated that, two days after the burglary, she had identified appellant in a police lineup.

Appellant incorrectly asserts that Mrs. Hill's testimony about the lineup improperly bolstered her previous testimony which had not yet been impeached or challenged.

It would have been error for a subsequent State's witness to bolster Mrs. Hills' unimpeached testimony by testifying that Mrs. Hill had indeed picked appellant out of a police lineup.

For Mrs. Hill to bolster her own unimpeached testimony, however, by stating that she had identified appellant in a lineup, is not error. *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.1978).

The second ground of error is overruled.

The third ground complains that during the trial, the prosecutor made various references to a blue jacket which was not admitted as evidence.

The jacket was one of the items Mr. Shelton testified as having been taken in the burglary of his apartment.

At trial, Mr. Shelton identified a blue jacket handed him by the prosecutor and testified without objection that he saw the jacket at the police station after appellant's arrest, that it looked like the jacket taken from his apartment, and that he believed it to be his own.

Police officer Dyson testified without objection that the jacket so identified in court was impounded by police as evidence after they found it in appellant's vehicle.

Appellant objected to the State's offer of the jacket as evidence, and it was ruled not admissible.

During closing arguments, the prosecutor made three references to the jacket.

He reminded the jury that (1) the officer had testified the jacket was found in appellant's van and that it was the same kind of jacket as the one taken in the burglary; (2) Mr. Shelton had recognized the jacket and believed it to be his; and (3) the jacket was in appellant's car at a time when Mrs. Hill had observed the vehicle and reported its license number to the police.

Appellant's objection to the first comment was overruled.

From the record we do not conclude bad faith on the part of the State in referring to a jacket that had been identified and discussed in testimony of more than one witness without objection.

Absent a showing of bad faith, the first reference to the exhibit not in evidence was not error. *Quintanilla v. State*, 501 S.W.2d 329 (Tex.Cr.App.1973).

Appellant did not object to the second comment but did object to the third and asked that the jury be instructed to disregard it.

His objection was sustained and the jury was so instructed. However, appellant did not request a mistrial.

Since appellant received the relief he requested, no adverse ruling of the court is presented nor is any error preserved for our review. *Kennedy v. State*, 520 S.W.2d 776 (Tex.Cr.App.1975).

Appellant's third ground is overruled.

Judgment is affirmed.