**J.H. FLANNERY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0024–CR.**

Court of Appeals of Texas, Tyler.

May 19, 1983.

---

F.R. Files, Jr., Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

McKAY, Justice.

Appellant was convicted of voluntary manslaughter, and his punishment was assessed at 20 years confinement and a fine of $7,500.

The record reflects that appellant's daughter, Paulette Reese, informed him that she had been raped. He and his son-in-law, husband of Paulette Reese, drove to the house where James Matlock, the deceased, lived, and Matlock got into appellant's pickup truck and they drove to a vacant lot. Appellant accused deceased of raping his daughter, deceased denied it, and the son-in-law got out of the pickup and walked toward a nearby house after being heard to say "Don't do it." Appellant and deceased then got out of the pickup, deceased began to run away, and appellant followed him with a shotgun and shot him in the back two times from which gunshot wound deceased died.

Appellant contends in his first ground of error that the trial court erred in denying his motion to dismiss the indictment because he failed to receive a speedy trial. as required by Article 32A.02, Tex.Code Cr. Pro.,[1] and the 6th and 14th Amendment to the United States Constitution. The offense was alleged to have occurred on December 19, 1979, and appellant executed his personal recognizance bond on December 20, 1979. The indictment was returned and filed on January 21, 1980. The case was set for trial on March 17, 1980, and on that date the State announced ready for trial, while appellant announced ready for March 31, 1980. The trial of the case began on January 12, 1981.

 Article 32A.02 provides in part: "A court shall grant a motion to set aside

---

1. Article references are to Texas Code of Criminal Procedure unless otherwise indicated.

an indictment ... if the State is not ready for trial within (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony." Where a defendant fails to present evidence which is sufficient to rebut the State's announcement of ready, the announcement constitutes a prima facie showing that the provisions of the statute have been complied with. *Lopez v. State*, 628 S.W.2d 82, 84 (Tex.Cr.App.1982), and cases there cited. The record shows that the State announced ready well within the 120-day period, and we find no evidence in the record to rebut the State's announcement, and appellant requested a postponement on March 17, 1980, to March 31, 1980. We hold that the requirements of Article 32A.02 were complied with. Appellant's first ground is overruled. *Phipps v. State*, 630 S.W.2d 942, 946–7 (Tex.Cr.App.1982); *White v. State*, 630 S.W.2d 900, 902 (Tex.App.— Amarillo 1982, pet. ref'd).

The complaint in ground two is that the trial court erred in denying appellant's request that the State be required to make an opening statement. Article 36.01(3) provides, "The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." The record reflects that during the pre-trial hearing appellant made a request as follows:

> In this case, we would request prior to the Jury coming in that the State be required to make an opening statement as provided by the Code in order that they would not be surprised by our request and would have adequate time. We believe the case is complicated and in order to adequately defend, we should be given the benefit of our opening statement and so we timely make our request for that.

The trial court denied the motion with the statement the State would be afforded the opportunity to make an opening statement, if desired, before the presentation of any evidence, and that appellant would have the same opportunity. When the jury was brought in the indictment was presented and appellant pleaded not guilty. The court then inquired of the State's attorney whether he wished to make a statement to the jury as to the nature of the accusation and the facts expected to be proved by the State. In response the State's attorney waived an opening statement. No request was then made by appellant to require the State to make an opening statement.

Appellant acknowledges that the Court of Criminal Appeals has held that the disregard of a similar statute was not reversible error in the absence of a showing of injury. *McClendon v. State*, 119 Tex.Cr.R. 29, 44 S.W.2d 724, 725 (1931); *McDaniel v. State*, 119 Tex.Cr.R. 442, 42 S.W.2d 435, 437 (1931). *McClendon* also says that the statute had been held merely directory, "and a disregard thereof is not such per se error as invalidates a conviction."

■ Additionally, appellant waived the ground by failing to object after the trial began and the State declined to make an opening statement. Appellant's motion to require an opening statement by the State having been made in pre-trial, to preserve any error he was required to object after the trial began. In the absence of a proper objection, nothing is presented for review. *Ortega v. State*, 500 S.W.2d 816, 817 (Tex. Cr.App.1973). Appellant's ground two is overruled.

Appellant next complains that the trial court abused its discretion in refusing to excuse Dr. Fredrick Mears, a psychologist, from the rule against witnesses. It is within the discretion of the trial court to permit expert witnesses to be exempt from the rule. Articles 36.03; 36.04; *Lewis v. State*, 486 S.W.2d 104, 106 (Tex.Cr.App.1972). It is said in *Carlile v. State*, 451 S.W.2d 511, 512 (Tex.Cr.App.1970):

> A wide discretion is confided in the trial judge with regard to the application and the extent of the application of the "rule" to the witnesses, and the exercise of this discretion will not be revised on appeal except in clear cases of abuse.

The court in *Carlile* also observed that the discretion granted the trial judge by the statute is not an arbitrary discretion.

■ The record reflects that all witnesses had been put under the rule on request of appellant. After the State had rested its case in chief and appellant had used several of his witnesses he requested the court to excuse Dr. Mears from the rule so that he might observe appellant's demeanor while appellant was testifying which appellant's counsel said would aid Mears in testifying. In response to the court's inquiry the record reflects Dr. Mears had examined appellant, and was to be called to express an opinion of appellant which had been formed prior to trial. Upon objection by the State Mears was denied exemption from the rule. It is our view that there was not such a clear abuse of discretion that calls upon this court to reverse the same on appeal. We perceive no harmful injury to appellant. With respect to the trial court's ruling on the witness rule, "until the contrary has been made to appear, it will be presumed on appeal that discretion was properly exercised." *Haas v. State*, 498 S.W.2d 206, 210 (Tex.Cr.App. 1973). Ground three is overruled.

Appellant maintains there was error in the failure of the trial court to grant his motion for mistrial after State's counsel commented during his jury argument on appellant's failure to call a fact witness who had indicated through counsel that he would not testify if called as a witness because of his right against self-incrimination. We overrule this ground.

■ State's counsel argued: "Ask yourself why he [appellant] didn't put on the son-in-law, the man who is married to his daughter and was with him that entire incident." Appellant objected and the trial court promptly sustained the objection and instructed the jury to disregard the statement. The general rule is that an instruction to disregard is sufficient to cure an error in argument. *Chambers v. State*, 568 S.W.2d 313, 327 (Tex.Cr.App.1978); *Aubrey v. State*, 624 S.W.2d 291, 293 (Tex. App.—Dallas 1981, no pet). A motion for mistrial should not be granted unless the argument by counsel is so inflammatory that its prejudicial effect cannot reasonably be removed by an admonition from the court, and whether the argument requires a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case. *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Cr. App.1977); *Aubrey v. State, supra,* at 293.

■ We perceive nothing so inflammatory in the argument of State's counsel that its effect could not be removed by the prompt action of the trial court in instructing the jury to disregard such remarks. *Spaulding v. State*, 505 S.W.2d 919, 923 (Tex.Cr.App.1974); *Aubrey v. State, supra,* at 293.

In ground five it is asserted that there was error in denying appellant's motion for mistrial after the testimony of State's witness David McDowell. The witness McDowell was permitted to testify that he had a conversation with Paulette Reese, daughter of appellant, two days after she claimed to have been raped by James Matlock, the deceased, and that she told him that on that occasion she kissed Matlock, and she had experienced an orgasm during the oral sex and once or twice during the sexual intercourse. No motion for mistrial was made when this testimony was given. The following day appellant filed his written motion for mistrial on the ground that such evidence was offered as impeachment on a collateral matter and should not have been admitted, and that it had no probative value but was designed to prejudice the jury against appellant. The trial court denied the motion.

Paulette Reese had previously denied on cross-examination that she had told David McDowell that she had experienced two orgasms with Matlock while having intercourse with him on December 19, 1979. Appellant contends that a witness may not be impeached in an ordinary criminal case by showing that her reputation for chastity is bad. Paulette Reese was appellant's witness, and she testified that she was forcibly raped by James Matlock. The obvious

purpose of this evidence was to indicate the state of mind of appellant after he heard her version of her relationship with Matlock, and then appellant shot and killed Matlock.

In *Rucker v. State,* 121 Tex.Cr.R. 94, 50 S.W.2d 305, 306 (1932), it is said:

It is the general rule that, whenever material facts are introduced that tend to affect the issue, the other side is authorized to deny, contradict, or explain such facts, showing their falsity, or breaking their force and effect in any legitimate way.

■ A prior inconsistent statement by a witness is admissible to impeach such witness, and the trial court should be liberal in passing upon the admissibility of evidence of this nature. *Smith v. State,* 520 S.W.2d 383, 386 (Tex.Cr.App.1975). *See Campos v. State,* 589 S.W.2d 424, 428 (Tex.Cr.App.1979), and 3 Texas Criminal Practice Guide § 73.05[7][d] (1983). "The prosecution is entitled on rebuttal to present any evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it." *Laws v. State,* 549 S.W.2d 738, 741 (Tex.Cr.App. 1977). We hold the trial court did not err in permitting the State to impeach appellant's witness Paulette Reese concerning a prior inconsistent statement. This ground is overruled.

In grounds 6 and 7 appellant complains that the reputation witnesses Linda Carter and Diane DeVasto were not acquainted with appellant's general reputation in the community and it was error to permit them to testify to appellant's bad reputation. Before either witness testified before the jury appellant was permitted, on his motion for voir dire examination, to interrogate each witness as to her qualifications as a reputation witness. Both witnesses testified on voir dire that they had talked to others about appellant's reputation and that they had heard that his reputation for being a law-abiding citizen was bad. The trial court then overruled appellant's objection to their testimony.

In the presence of the jury the following questions were asked Linda Carter and such answers made:

Q. Are you familiar with J.H. Flannery's reputation in the community in which he lives for being a good and law abiding citizen. .

A. Yes.

Q. Is that reputation good or bad?

A. Bad.

On cross-examination appellant only asked her if she gave appellant a ticket for permitting a horse to run loose in the city, and she answered that she did. No objection was made to her testimony before the jury.

■ Before the jury the witness Diane DeVasto was asked if she was familiar with appellant's reputation in the community in which he lived for being a good and law-abiding citizen; she answered she was, and that in her opinion it was bad. There was nothing brought out in cross-examination of DeVasto concerning her qualification to be a reputation witness, and no further objection to her testimony was made by appellant. In light of the record presented, we hold the trial court did not err in permitting these two witnesses to express their opinions concerning appellant's reputation for being a good and law-abiding citizen. *See Clark v. State,* 500 S.W.2d 469, 471–2 (Tex.Cr.App.1973).

■ Lastly, appellant says there was error in overruling his objection to the portion of the court's charge on punishment where the jury was instructed not to discuss how long appellant "will be required to serve the sentence you decide to impose." We overrule this ground.

In *York v. State,* 566 S.W.2d 936, 938 (Tex.Cr.App.1978), is found this language:

... The giving of admonitory instructions by the trial court in order to guard against jury misconduct is within the sound discretion of the trial court. *Williams v. State,* 511 S.W.2d 64 (Tex.Cr.App.1974); *Hernandez v. State,* 169 Tex.Cr.R. 418, 334 S.W.2d 299 (1960); see also *Freeman v. State,* 556 S.W.2d 287

(Tex.Cr.App.1977); *Fitzsimmons v. State*, 471 S.W.2d 858 (Tex.Cr.App.1971). See also *O'Bryan v. State*, 591 S.W.2d 464, 478 (Tex.Cr.App.1979).

Finding no error, judgment of the trial court is affirmed.