**Tony Curtis SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–01257–CR.**

Court of Appeals of Texas, Dallas.

March 13, 1985.

Fred Tinsley, Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

Tony Curtis Sanders appeals a conviction for aggravated rape in which a jury assessed punishment at 99 years imprisonment. We find no merit in any of appel-

lant's six grounds of error. Accordingly, we affirm.

In appellant's first ground of error he contends that the trial court erred in denying his pre-trial motion to require the State to provide the names of witnesses it intended to present at the punishment stage of the trial. In response to the motion the State said that the law did not require its punishment witnesses' names to be divulged before trial. The trial court agreed and overruled appellant's motion. The State must furnish the names of punishment witnesses in response to a pre-trial motion unless the State responds that it does not know who will be called. *See Young v. State*, 547 S.W.2d 23, 27 (Tex. Crim.App.1977).

Although not directly on point, we find *Young* to be instructive. In *Young*, the State responded to the appellant's pre-trial motion that it did not yet know the names of witnesses it would call during punishment. The appellant neither raised the issue again nor objected when the State presented its punishment witnesses. The Court of Criminal Appeals overruled the appellant's ground of error, stating:

> Witnesses should be disclosed if they will be used by the State at any stage in the trial. ... The State, however, did not know what punishment witnesses it would call at the time of appellant's motion requesting this information. *Appellant failed to pursue this matter at a time when the State did know what punishment witnesses it would use....*

*Young*, 547 S.W.2d at 27 (emphasis added).

■ In the instant case the State responded: "Judge, I believe all the law requires us to give them is our list of witnesses in the case in chief." The trial court mistakenly agreed. Nevertheless, nothing in *Young* suggests that an error by the trial court in denying this pre-trial motion would, alone, constitute reversible error. Appellant never established that the prosecutor knew what witnesses, if any, he would call at punishment, nor that appellant was harmed by not knowing the identi-

ty of the punishment witnesses at pretrial. Further, appellant had ample opportunity after his conviction but before the punishment hearing to re-urge his motion and thereby prevent any harm that might have resulted from his not having previously obtained the list of punishment witnesses. Finally, appellant did not object when the State called its witnesses at the punishment stage. *See Young*, 547 S.W.2d at 27. Consequently, we hold that any error by the trial court in denying the pre-trial motion was waived. Appellant's first ground of error is overruled.

■ In his second ground of error appellant contends that the trial court committed reversible error by not requiring the State to make an opening argument. TEX. CODE CRIM.PROC.ANN. art. 36.01(3) (Vernon 1981) provides that "[t]he State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." Appellant argues that the statute is mandatory and that the trial court reversibly erred in not requiring the State to make an opening statement. We disagree. In *McClendon v. State*, 119 Tex. Cr.R. 29, 44 S.W.2d 724, 725 (1932), the Court of Criminal Appeals interpreted an identical provision [1] and held that the article was merely discretionary and not a ground for reversal. Further, the record here reflects that the State read the indictment to the jury, thus complying with TEX. CODE CRIM.PROC.ANN. art. 36.01(3) (Vernon 1981). Accordingly, appellant's second ground of error is overruled.

■ Appellant contends in his third ground of error that the indictment is fundamentally defective in failing to allege a threat of imminent death or serious bodily injury. Appellant was charged with aggravated rape pursuant to Tex.Penal Code Ann. § 21.03(2) (1974) (repealed September 1, 1983).

The indictment alleges that appellant

---

1. Tex.Code Crim.Proc. art. 642(3) (1925) (repealed 1965).

did unlawfully, intentionally and knowingly have sexual intercourse with [complainant], hereinafter called victim, a female not his wife without the consent of the victim and by means of force and threats the said defendant did compel the said victim to submit to the said act of sexual intercourse by acts, words and deeds that placed the said victim in fear of death and serious bodily injury; and the said defendant used and exhibited a deadly weapon to-wit: a knife, in the course of the same criminal episode. ...

Appellant argues that the failure to allege imminent harm rendered the indictment fundamentally defective. We do not agree. The indictment alleges that appellant used and exhibited a deadly weapon "to-wit: a knife" during the course of the rape. The alleged use and display of a deadly weapon in itself constitutes an allegation of the required imminent harm. *Robinson v. State*, 596 S.W.2d 130, 133 n. 7 (Tex.Crim. App.1980). Appellant's third ground of error is overruled.

In his fourth ground of error appellant complains that the trial court erred in allowing the State to bolster its own witness. Appellant neither quotes or cites us to the testimony he alleges to be bolstering. However, our examination of the record reveals that the complainant identified appellant in the courtroom as the man who raped her and that over appellant's objection she also testified she had previously identified him in a photographic lineup conducted by police shortly after the rape.

■ The State cannot call other witnesses to bolster the testimony of an unimpeached witness. *Lyons v. State*, 388 S.W.2d 950, 951 (Tex.Crim.App.1965). However, no bolstering occurs when a witness who identifies a defendant at trial also testifies that he identified the defendant in a pre-trial lineup. *Wyatt v. State*, 566 S.W.2d 597, 601 (Tex.Crim.App.1978); *Lewis v. State*, 631 S.W.2d 813, 815 (Tex.App.— Fort Worth 1982, no pet.).

■ The only other testimony concerning the complainant's identification of appellant was from the police officer who conducted the photographic lineup. The officer testified only that he showed appellant's picture, with five others, to the complainant. He did not testify that the complainant identified appellant's photograph. This testimony, which was presented without objection, did not bolster the complainant's earlier testimony that she identified appellant in a photographic lineup. *Hastings v. State*, 641 S.W.2d 332, 334 (Tex. App.—Dallas 1982, pet. ref'd). Accordingly, we overrule appellant's fourth ground of error.

■ In his fifth ground of error appellant contends that his Texas and federal constitutional rights were violated by the trial court's curtailment of his cross-examination of the complainant. The following exchange took place when appellant cross-examined the complainant:

[DEFENSE COUNSEL]: So the only people who live with you are your sisters and brothers, your mother and father?

[COMPLAINANT]: Right.

[DEFENSE COUNSEL]: Now, are you married?

[COMPLAINANT]: No.

[DEFENSE COUNSEL]: Have you ever been married?

[COMPLAINANT]: Yes.

[DEFENSE COUNSEL]: Do you have any children?

[COMPLAINANT]: Yes.

The trial court sustained the State's objection to this testimony as being irrelevant. Appellant then objected to the trial court's ruling on the grounds that he had a right to elicit background information and that the ruling violated his right to effective confrontation of the witness as guaranteed by the United States and Texas Constitutions. Both objections were overruled and appellant did not perfect a bill of exception or offer proof to show what the excluded testimony would have been. Under such circumstances, nothing is presented for review. *Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App.1981). Appellant's fifth ground of error is overruled.

■

■ In his sixth ground of error, appellant contends that the trial judge erred by admitting, during the punishment stage of the trial, a "pen packet" which appellant claims contains "non-final convictions and extraneous offenses." The pen packet contains a copy of a judgment of appellant's prior conviction for unauthorized use of a vehicle, for which appellant was placed on three years' probation. It also contains an order revoking his probation. Nothing in the pen packet describes any other extraneous offenses alleged against appellant, nor does appellant name or describe the extraneous offenses to which he refers, nor does he state why his prior conviction is not final. We conclude, therefore, that the pen packet was proper. Appellant's sixth ground of error is overruled.

Finding no error, we affirm appellant's conviction.