## JOHN F. BELL AND JIM BELL v. THE STATE.

No. 4319. Decided December 27, 1916.

**1.—Murder—Self-defense—Charge of Court—Principals—Sufficiency of Evidence.**

Where, upon trial of murder, the issue of self-defense and that of principals was properly submitted in the court's charge, and the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Child Witness—Discretion of Court.**

Where, upon trial of murder, the State's main witness was the son of deceased about seven years of age, and the trial judge held him competent to testify, after an examination, and there appeared nothing in the record to show that the court's discretion was abused, there was no reversible error.

**3.—Same—Introductory Statement—Statutes Construed.**

Subdivision 3, article 717, Code Criminal Procedure, with reference to introductory statements to the jury is directory and not mandatory, and in the absence of error shown when the trial court does not require the prosecuting officer to make such statements, and in the absence of injury because thereof, the fact that the prosecuting officer did not make such statement is not reversible error. Following House v. State, 75 Texas Crim. Rep., 338.

**4.—Same—Evidence—Immateriality of Testimony.**

Where, upon trial of murder, testimony that the deceased passed along witness' house prior to the homicide and appeared to be in a rather sullen mood, was correctly excluded as it had no bearing whatever upon the case.

**5.—Same—Charge of Court—Requested Charge—Invited Error.**

Where, upon trial of murder, the court in his charge used the preliminary statement that defendants were jointly indicted, etc., and thereby literally followed the charge as requested by the defendant, and the same could not have caused injury to the defendant in view of the entire charge of the court, there was no reversible error.

**6.—Same—Charge of Court—Objections—Amendment**

Where, upon trial of murder, after objections were raised to the court's charge, the court agreed to take out of the court's charge the matter objected to and submit the charge requested by the defendant, but by inadvertence only,

took out a portion thereof, on his charge on principals, and this was not called to the court's attention until the motion for new trial was filed, and no injury was shown, there was no reversible error.

**7.—Same—Change of Venue—Presumption—Practice on Appeal.**

In the absence of the testimony heard on the motion for change of venue, the presumption is that the trial court's action in overruling same was correct.

Appeal from the District Court of Houston.   Tried below before the Hon. John S. Prince.

Appeal from a conviction for murder; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellants.

C. C. McDonald, Assistant Attorney General, for the State.—On question of child witness and discretion of court:   Hawkins v. State, 27 Texas Crim. App., 273; Brown v. State, 2 id., 115; Ake v. State, 6 id., 398; Brown v. State, 6 id., 286; Burke v. State, 8 id., 336; Williams v. State, 12 id., 127; Taylor v. State, 22 id., 529; Mason v. State, 2 id., 192; Click v. State, 66 S. W. Rep., 1104; Ham v. State, 78 id., 929; Parker v. State, 33 Texas Crim. Rep., 111; Murphy v. State, 36 id., 24; Davidson v. State, 39 id., 129; Moore v. State, 49 id., 449; Streight v. State, 62 id., 453; Chapman v. State, 42 S. W. Rep., 559.

On question of preliminary statement by district attorney:   Holsey v. State, 24 Texas Crim. App., 35; Nalley v. State, 28 id., 387; Hendricks v. State, 28 id., 416; Malton v. State, 28 id., 527; Morris v. State, 30 id., 95; McGrew v. State, 31 Texas Crim. Rep., 336; Himmelfarb v. State, 76 Texas Crim. Rep., 173, 174 S. W. Rep., 586.

On question of conjectural opinion by witness:   Warren v. State, 9 Texas Crim. App., 619; Irvine v. State, 26 id., 27; McClure v. State, 53 S. W. Rep., 111; Clay v. State, 41 Texas Crim. Rep., 653; Greene v. State, 49 id., 238; Dowell v. State, 58 id., 482; Moffatt v. State, 35 id., 257; Richardson v. State, 49 id., 391; Taylor v. State, 41 id., 148.

PRENDERGAST, PRESIDING JUDGE.—Appellants were convicted of murder, and their punishment assessed at life imprisonment.

J. T. Dawes was the man whom they are alleged to have killed by shooting with a pistol and striking him with a stick and file.   The undisputed testimony by many witnesses shows that the body of deceased was most brutally and horribly shot up, and beaten up from the crown of his head nearly to the soles of his feet, at least to the tops of his shoes.   The State's testimony, which was ample, and evidently believed by the jury and lower court, by an eyewitness and through corroborating testimony, showed that appellant John F. Bell held deceased while Jim Bell shot him three times after he had beaten him up. The testimony of defendants—both testified—raised the issue of self-

defense. The State's testimony disputed this and was amply sufficient to show that the killing was not in self-defense. The issue was fully presented in the court's charge, to which there was no complaint. It was proper also for the court to charge the law of principals as to John F. Bell, which he did. There was some testimony tending to impeach the testimony of some of the material witnesses on both sides, but all this was a matter for the jury, and proper charges were given on the subject. It is unnecessary to detail the testimony. All issues raised can be passed upon without that.

One of the State's main witnesses was the son of deceased, who was an eyewitness to the beating and killing. He was some two or three months over seven years of age. The appellants objected to his testifying, claiming that he was incompetent. The trial judge, after an examination of him, held he was competent, stating that he regarded him as having more than ordinary intelligence for his age, and refers to his entire testimony as bearing on his competency. The court has all the time held under the statute (art. 788, subdiv. 2) that the competency of a witness of tender years is determinable by an examination by the trial judge, and the action of the trial court thereon will not be revised on appeal in the absence of a showing that its discretion holding the witness competent was abused, and unless abuse of such discretion is apparent. This proposition is plainly laid down and a great many decisions of this court cited by both Judge White in his Ann. C. C. P., secs. 951 et seq., and 2 Branch's Ann. P. C., sec. 1771. Under the authorities, we think it is clear the trial judge did not abuse his discretion, and we would not be authorized to so hold, and we hold that the witness was competent.

It has all the time been held by this court that subdivision 3, article 717, to the effect that the prosecuting attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved before introducing his testimony, is directory and not mandatory, and that no error is shown when the trial court does not require the prosecuting officer to make such statement, unless injury because thereof is shown. In this case we think no injury is shown because the prosecuting officer did not make such statement, and hence no error is presented in the court's refusal to require him to do so. Holsey v. State, 24 Texas Crim. App., 35; Essery v. State, 53 Texas Crim. Rep., 596; House v. State, 75 Texas Crim. Rep., 338.

The court committed no error in not permitting Mrs. Beard to testify that the deceased, in passing her house the morning before he was killed, passed along near her house and did not speak to her or raise his head, and was looking down toward the ground and appeared to be in rather a solemn mood. This testimony had no bearing whatever upon the case and had no connection with the killing.

In preliminarily stating the case to the jury, the court in one sentence told the jury: "In this case the defendants being jointly indicted, both may be convicted of murder, or one may be convicted and

the other acquitted." This sentence literally followeᴅ a special charge which appellants requested. Besides, it could have caused no injury to appellants, or either of them, in view of the whole charge of the court, which, of course, must be looked to when any given sentence or paragraph is attacked.

The testimony called for a charge on the law of principals. The judge, in preparing his original main charge, embodied a charge on that subject. After preparing it, he gave it to appellants' attorneys for examination, etc., under the statute. They thereupon objected to his whole charge on that subject, and in lieu and instead of the court's charge they asked a charge on the subject. The court then told them that he would take out of his charge what he had given on the subject and give their charge literally, as asked by them, instead, and he undertook to do this. He did give their charge in full just as asked. By some mishap, in undertaking to take out his charge on the subject, only a portion of it was taken out. The portion not taken out was general as to who were principals under the law of principals. Appellants in no way called his attention at the time to the fact that only a portion of his charge had been taken out, and his attention was not called thereto until the appellants made their motion for a new trial. All this is made clear by appellants' bill and the court's explanation and qualification thereof, as shown in the record. This presents no reversible error under the circumstances stated. We can not see how it would or did injure the defendants, or either of them.

Appellants made a motion for a change of venue. It was properly contested by the State. Evidently the court must have heard testimony on it, but what testimony he heard is in no way disclosed by this record. The legal presumption is that the court's action on this point was clearly right.

No other question is presented for review.

The judgment is affirmed.

*Affirmed.*