AMOS BROWN v. THE STATE.

No. 6381.  Decided November 2, 1921.

1.—Manufacturing Intoxicating Liquors—Suspended Sentence—Preliminary Statement—Equipment for Manufacture of Liquor.

Where, upon trial of manufacturing intoxicating liquors, etc., the appellant preliminary to announcing ready for trial prepared and filed, in accordance, with Article 865-b, a plea seeking to have the jury determine whether his sentence should be suspended in the event of conviction, and then proceeded under Article 717, C. C. P., to state to the jury the nature of the offense, etc., when the court interrupted him and refused to let him proceed, the same was reversible error. Following Pool v. State, 45 Texas Crim. Rep., 348, and other cases.

**2.—Same—Practice in Trial Court—Suspended Sentence.**

Where the effect of the procedure in stopping the defendant from stating his case for suspended sentence, was to prevent him from having the question submitted to the jury upon trial of violation of the Dean Law, the same was reversible error. Following Carr v. State, 89 Texas Crim. Rep., 245.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of unlawfully having in his possession equipment for the manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. C. Price,* and *Street, Willis & Coston,* for appellant.—Cited; House v. State, 171 S. W. Rep., 206, and cases cited in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of equipment for the manufacture of intoxicating liquors; punishment fixed at confinement in the penitentiary for a period of one year.

The appellant, preliminary to announcement of ready for trial, prepared and filed, in accordance with Article 865b, a plea seeking to have the jury determine whether his sentence should be suspended in the event of conviction. Article 717 of the Code of Crim. Proc. gives the accused, through his counsel, the privilege of stating to the jury, "the nature of the defense relied upon by him and what facts he expects to prove in their support." Availing himself of this privilege, counsel began to relate the facts which he expected to prove in support of his plea for a suspended sentence when the court interrupted, stating that he did not believe the case to be one coming within the purview of the Suspended Sentence Law, and remarking: "This is as good a case as any to test the law. I will not let you go into the matter of the suspended sentence." Exception was reserved, and the issue of suspended sentence was not submitted to the jury, though there was evidence introduced that he bore a good reputation, and in developing his defenses, facts which might have been regarded by the jury as mitigating the offense were introduced. The plea of suspended sentence appears to have been treated as having been eliminatd by the action of the trial court mentioned. If the plea was a part of the case, appellant's right to have his theory stated by his counsel, in accordance with Article 717, seems unquestioned. Poole v. State, 45 Texas Crim. Rep., 348; House v. State, 75 Texas Crim. Rep., 388, 171 S. W. Rep., 206; Owen v. State, 52 Texas Crim. Rep., 65; Walsh v. State, 85 Texas Crim. Rep., 212; Dugan v. State, 82 Texas Crim. Rep., 422, 199 S. W. Rep., 616. The practical effect of the court's action was, on his own motion, to

strike out the plea of suspended sentence, upon the view, as stated by him, that the offense was one to which the law permitting the suspended sentence had no application. At the time the ruling was made, the right of the accused to avail himself of that plea had never been presented to this court for decision and was therefore an open question, but later, on its presentation, it was decided that such plea was available. Carr v. State, 89 Texas Crim. Rep., 245, 230 S. W. Rep., 405. There can be no doubt that the effect of the procedure was to prevent the appellant from having submitted to the jury the question of the suspension of his sentence. The matter presented, in our opinion, requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*