Jessie Lee CREW, Appellant,

v.

The STATE of Texas, Appellee.

No. 37791.

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Rehearing Denied March 31, 1965.

Teague & Carlisle, by Marvin O. Teague, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ripley E. Woodard, Jr., and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault to murder, with a prior conviction for an offense of like character alleged for enhancement; the punishment, 25 years confinement in the state penitentiary.

We shall pretermit a discussion of the facts in view of our disposition of this appeal.

At the conclusion of the state's testimony appellant's counsel told the court

that he would like to make a short opening statement to the jury, which the court declined, and to which appellant's counsel excepted. Art. 642, Vernon's Ann.C.C.P. provides for the order of trial proceedings in criminal actions. Section 5 of this article is controlling so far as our disposition of this case is concerned. It states "The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel". This section follows in chronological order section 4, which states: "The testimony on the part of the State shall be offered".

This Court held in Kennedy v. State, 150 Tex.Cr.R. 215, 200 S.W.2d 400, "The privilege of making such statement is a valuable right provided by statute (Art. 642, sub. 5, C.C.P.), and if denied, would constitute error." In Price v. State, 167 Tex.Cr.R. 105, 318 S.W.2d 648, the trial court refused to permit counsel to make such statement. The state confessed error and said that such ruling called for a reversal. Judge Woodley wrote the opinion of this Court reversing that case. Also, see McBride v. State, 110 Tex.Cr.R. 308, 7 S.W.2d 1091 and Dugan v. State, 82 Tex.Cr.R. 422, 199 S.W. 616. The learned trial judge fell into error in refusing appellant's counsel's request.

 It is the state's position that this complained of error is not before us for review as it was not raised by formal bill of exception. The state adopts the view that this request of appellant to make an opening statement must be done by a motion for leave to make the statement. That is one reason for the state's insistence that this matter should be brought forward by a formal bill of exception. The state says that such a motion is not within the scope of Articles 759a and 760e, V.A.C.C.P., which sets out where no formal bill is necessary. While this precise question has been urged before this court by formal bills of exception in the cases that we have examined, we do not agree that it is necessary to do so. Neither do we agree that it is necessary to have a separate statement of facts, as provided for by Sec. 6 of Art. 759a. We are not here dealing with a motion. It is a statutory right available to counsel. He need not make a motion to avail himself of it. All he need do is request the Court to allow him to make an opening statement, as appellant's counsel here did. Sec. 2 of Art. 759a allows an appellant to bring forward by an informal bill of exception in the Statement of Facts his objection to the action of the trial court and no formal bill of exception shall be necessary. The Statement of Facts reflects all that is necessary for this Court to review the matter. It contains all of the testimony adduced by the state, reflects that the "state rests", and then contains appellant's counsel's request to make the opening statement. There was nothing further required of him. How better could we have the matter brought before us than in the Statement of Facts? We see no merit in the state's contention. The matter is before us and error is reflected thereby.

The judgment is reversed and the cause remanded.