Victor B. MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 819–92.

Court of Criminal Appeals of Texas, En Banc.

Nov. 24, 1993.

Rehearing Denied Jan. 26, 1994.

Gary A. Udashen (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., and Robert P. Abbott, Colleen Murphy and Julie Jones, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

A jury convicted Appellant of aggravated robbery and assessed his punishment at twenty years imprisonment. The Dallas Court of Appeals reversed Appellant's conviction. *Moore v. State,* 829 S.W.2d 390 (Tex.App.—Dallas 1992).

The State's petition was granted to determine whether the 1987 amendment to art. 36.01 of the Texas Code of Criminal Procedure,[1] which added subsection (b), affords criminal defendants the right to make an opening statement prior to presentation of the State's case when the State does not make an opening statement. The Court of Appeals, relying on similar interpretations of art. 36.01(b) in *Arriaga v. State,* 804 S.W.2d 271 (Tex.App.—San Antonio 1991, pet. ref'd), and *Farrar v. State,* 784 S.W.2d 54 (Tex. App.—Dallas 1989, no pet.), concluded that Art. 36.01(b) provides a defendant such a right. We will reverse the decision of the Dallas Court of Appeals.

Appellant was tried jointly with a co-defendant. As the jury was about to be brought in after Appellant had been arraigned, the court inquired if the State was going to make an opening statement, and the prosecutor answered, "No, your honor." Appellant's counsel then requested to make an opening statement prior to the opening of any evidence. The trial court, quoting "Subsection (d) [sic] of 36.01," refused to allow the defense to make an opening statement until presentation of its own case unless the State first made an opening statement. After a brief discussion about the statute the State presented its evidence without making an opening statement. At the close of the State's case the court asked if Appellant's counsel still wished to make an opening statement, and the attorneys for both defendants declined.

Appellant contends that the trial court erred in refusing to allow appellant to make an opening statement prior to the presentation of the State's evidence where the State waived its option of making an opening statement. The right to make an opening statement is a statutory right and not a

1. Acts 1987, 70th Leg., pp. 2129–2130, Ch. 519, § , eff. September 1, 1987.

constitutional imperative or mandate. *Dunn v. State*, 819 S.W.2d 510, 524 (Tex.Crim.App. 1991); *accord, United States v. Salovitz*, 701 F.2d 17, 20 (2nd Cir.1983); *compare with Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (holding right to make closing argument is constitutional within right to assistance of counsel). Accordingly, in Texas, the right to make an opening statement is derived from the Rules of Criminal Procedure, specifically art. 36.01.[2] Article 36.01 sets out the order of proceeding in any criminal action involving a jury and provides that a defendant's opening statement shall be made after the presentation of the State's evidence. *Atkinson v. State*, 523 S.W.2d 708, 710–11 (Tex.Crim.App.1975); *Crew v. State*, 387 S.W.2d 898, 899 (Tex. Crim.App.1965). Denial of a timely request to present an opening statement is a denial of a valuable right, and may constitute error. *Caraway v. State*, 417 S.W.2d 159, 161 (Tex. Crim.App.1967). However, this right may be waived for failure to make a timely demand to present an opening statement. *Dunn*, 819 S.W.2d at 524–25; *McBride v. State*, 110 Tex.Crim. 308, 7 S.W.2d 1091 (1928) (opinion on rehearing) (absent good cause, failure to give opening statement before presenting witness waives right to make statement).

Article 36.01 was amended by the legislature to provide defendants the option, or the ability to make a tactical decision, to determine when to make an opening statement. *Farrar*, 784 S.W.2d at 56. Prior to the enactment of art. 36.01(b), a trial court could refuse to allow defense counsel to make an opening statement before presentation of the state's case. *Owen v. State*, 52 Tex.Crim. 65, 105 S.W. 513 (1907). Now, with the addition of paragraph (b), a defendant has the statutory right to make an opening statement "immediately after the attorney representing the State makes the opening statement for the State." Tex.Code Crim.Pro. 36.01(b); *Dunn*, 819 S.W.2d at 524; *Arriaga*, 804 S.W.2d at 274; *Farrar*, 784 S.W.2d at 56.

While it is undisputed that a defendant may present an opening statement after the close of State's evidence pursuant to art. 36.01(a)(5) or immediately after the State presents its opening argument pursuant to art. 36.01(b), the statute is silent as to the whether the defendant may make an opening statement where the State does not present it's own opening statement. It is upon this silence, and the decisions of the *Arriaga* and *Farrar* Courts,[3] that Appellant's argument and the Dallas Court of Appeals' opinion are

**2.** As enacted in 1965, Art. 36.01 provided:

A jury being impaneled in any criminal action, the cause shall proceed in the following order:
1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.
2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.
3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.
4. The testimony on the part of the State shall be offered.
5. The nature of the defenses relied upon and the facts to be proved in their support shall be stated by defense counsel.
6. The testimony on the part of the defendant shall be offered.
7. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07. The 1987 amendment renumbered this entire provision as 36.01(a), modified the introductory

sentence to include "except as provided by Subsection (b) of this article," and added (b), which states:

(b) The defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by Subsection (a) of this article.

All previous Codes of Criminal Procedure contained articles that were substantively identical to Art. 36.01 as enacted in 1965.

**3.** Neither *Arriaga* nor *Farrar* give much guidance on this issue and both are wholly distinguishable from the case at bar. In *Arriaga*, the State presented its opening argument and the defense asked to make an opening statement immediately thereafter. The trial court denied the defendant's request despite his timely demand. *Arriaga*, 804 S.W.2d at 272. Based upon art. 36.-01(b), the San Antonio Court of Appeals reversed

premised. *Moore,* 829 S.W.2d at 392–93; *see also Boston v. State,* 833 S.W.2d 334 (Tex. App.—Waco 1992, pet. granted) (also relying on *Arriaga* and *Farrar* in holding that defendant has right to choose when he wishes to make opening statement regardless of whether State makes opening statement). Such silence should not be construed as granting a right or privilege, since a defendant will be afforded a purely statutory right only where the statute in question actually confers that right.

Appellant contends that the right to make an opening statement prior to the State's case in chief, regardless of whether the State delivers an opening statement, is derived from reading art. 36.01 as a whole. Appellant argues that a literal reading of the statute is not necessary, and that many of the provisions of art. 36.01, although appearing mandatory have been held to be merely directory by this Court. Specifically, Appellant refers to this Court's interpretations of art. 36.01(a)(3) and art. 36.01(a)(5) which state in part:

> The State's attorney *shall* state to the jury the nature of the accusations and the facts which are expected to be proved by the State in support thereof.

Tex.Code Crim.Pro. art. 36.01(a)(3) (emphasis added); and,

> The nature of the defenses relied upon and the facts expected to be proved in their support *shall* be stated by defendant's counsel.

Tex.Code Crim.Pro. art. 36.01(a)(5) (emphasis added). While the statutory language cited above contains the word "shall," and would therefore appear to be mandatory, this Court has held these provisions to be directory only. *Cannon v. State,* 84 Tex.Crim. 479, 208 S.W. 660, 661 (1919) (finding the State is not obligated to present opening statement unless such waiver will prejudice defendant);

*Norton v. State,* 564 S.W.2d 714, 718 (Tex. Crim.App.1978) (holding defendant may not make opening statement where no witnesses or evidence will be presented). The validity of these holdings is not in question in this case.

 This Court is compelled to follow the dictates of the statute where the language of the statute is clear and unambiguous on its face. *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991). Furthermore, we must assume that the legislature was aware of our previous decisions interpreting art. 36.01 when it enacted paragraph (b) of art. 36.01. *See Watson v. State,* 532 S.W.2d 619, 622 (Tex.Crim.App.1976) (finding inaction by legislature after judicial interpretation of statute amounts to approval of interpretation); *and Lockhart v. State,* 150 Tex.Crim. 230, 200 S.W.2d 164, 167–68 (1947). As such, the legislators would have been aware that this Court had interpreted art. 36.01 in a manner which allowed the State to waive opening statement. If they were so aware, and desired that defendants be afforded the option of making an opening statement regardless of whether the State chose to open, they could have easily effectuated such intent by phrasing the statute accordingly. The legislature could have easily provided that the defendant's counsel make an opening statement "immediately *before* the State's testimony is offered," instead of "immediately *after* the attorney representing the State makes the opening statement for the State." The legislature did not choose to so provide. Thus, we are compelled to follow the language of the statute as it is written. We therefore conclude art. 36.01(b) of the Texas Code of Criminal Procedure is inapplicable in cases in which the State waives opening

---

the decision of the trial court. *Id.* at 273. *Arriaga* is distinguishable to the case at bar because in *Arriaga,* the defendant was denied the opportunity to make his own opening statement "immediately after" the State's opening argument. *See also Taylor v. State,* 825 S.W.2d 518 (Tex.App.— Houston [1st Dist.] 1991, pet. ref'd) (denial of request to open pursuant to 36.01(b) was harmless error where trial court stopped trial early in testimony of State's first witness to allow defendant to make opening statement).

Similarly, in *Farrar,* defense counsel requested the opportunity to make an opening statement after the close of the State's evidence. The trial court, quoting the provisions of 36.01(b), concluded that the amendment to 36.01 precluded the defendant from presenting an opening statement under 36.01(a). *Farrar,* 784 S.W.2d at 56. This holding is also distinguishable to the instant case in that it involved the denial of the right to make an opening statement after the close of the State's case in direct contradiction to 36.01(a).

statement. In such cases, the defendant may make an opening statement upon the close of the State's case in chief pursuant to art. 36.01(a). Where the State does proffer an opening statement, the defendant may, at his option, demand oral statement immediately after the State's opening statement or after presentation of the State's case in chief.

Unfortunately, this Court does not have an option to rescue the Texas Legislature from the inexorable consequences of its own unambiguous language. As Judge Clinton himself repeatedly emphasizes in dissent, often citing with fervent admiration the opinions of former Presiding Judge Davidson, we are obliged to "enforce[ ] the plain letter of the statute." At 793 n. 4 (Clinton, J., dissenting) (internal quotation marks omitted).

The amendment to article 36.01, which we here construe according to its "plain letter," authorizes the defense to make an opening statement before presentation of the State's case-in-chief only "after the attorney representing the State makes the opening statement for the State." In doing so, we do not "conjure" legislative intent at all. At 797 (Clinton, J., dissenting). What the Legislature meant to do is of no especial interest to us. It is what the Legislature did in fact that informs our judgment, at least when it is possible to determine from the statute's plain language what was actually done. *Boykin*, 818 S.W.2d 782. Not only might the Legislature have used different language had it wanted to achieve a different result, but it is also clear that the language used in fact is exactly what any rational deliberative body would use to achieve the result we achieve in this case. Thus, appellant was not put to a "Hobson's choice" at all. Rather, he was offered a chance to juxtapose his version of the facts with that of the State at a time when the juxtaposition might be most effective, but not to interpose his version in isolation from the State's. This is, in itself, a "valuable right," and there is nothing to suggest that the Legislature did not intend it to operate in exactly this way. The fact that it

might have been even more "valuable" had appellant been given an option to make opening remarks before presentation of the State's evidence in any event does not authorize this Court to ignore the statute's "plain letter."

We find that the Court of Appeals erred in concluding that art. 36.01(b) affords criminal defendants the right to make an opening statement prior to presentation of the State's case when the State does not make an opening statement. Having sustained the State's ground for review, we reverse the judgment of the Court of Appeals remand the cause for further consideration not inconsistent with this judgment.

OVERSTREET and MALONEY, JJ., concur in the result.

CLINTON, Judge, dissenting.

Having declared independence from the ruling government in part because it denied, and having fought the ensuing revolution in part to obtain, the right to trial by jury, our forebearers enshrined that right in the Sixth and Ninth Declaration of Rights of the Constitution of the Republic of Texas. 3 Vernon's Texas Constitution (1993) 493–494; they maintained it in the Bill of Rights in all successive constitutions: *"the accused shall have a speedy public trial by an impartial jury." Id.*, at 502 (Texas Constitution of 1845, Article I, § 8); at 530 (1861, Article I, § 8); at 558 (1866, Article I, § 8); at 592 (1869, Article 1, § 8); see now Texas Constitution of 1876, Article I, § 10.[1]

I

That the right of trial by jury remain "inviolate," and mandated to regulate the same in order "to maintain its purity and efficiency," e.g., Article I, § 15, the Legislature provided all sorts of procedural requisites to implement and effectuate the constitutionally required trial by impartial jury in a criminal case. Among the more utilitarian is

1. All emphasis in this opinion is mine throughout unless otherwise indicated.

the "Order of Proceeding in Trial" dictated and enumerated now in Article 36.01, V.A.C.C.P.[2]

### A

Like requiring the parties to join issue before the jury, the practice of making "opening statements" is a feature of the common law, "followed from time immemorial." *Dugan v. State*, 82 Tex.Cr.R. 422, 199 S.W. 616, at 616–617 (1917). The manifest function is to inform jurors of the nature of the accusation and facts the State expects to prove in support thereof, and the nature of defenses and facts the accused expects to prove to support them. Article 36.01(a), items 3 and 5, V.A.C.C.P. Thus the jury is "put in position to understand and apply the evidence as delivered." 2 Bishop, New Criminal Procedure § 968, p. 791, quoted in *Dugan v. State*, supra, 199 S.W. at 617. Also and not so incidentally, obviously each side gains more insight into the opposing theory of the case.

Despite the fact that the Legislature cast all but one step in the order of proceedings in the mandatory term of "shall," early on the Court somehow discerned that disregarding the first is *"per se*, material error;" the third (as well by extension, the fifth) is "merely directory," and disregarding it is not reversible error unless "there is reason to apprehend that injury may have resulted to the defendant." There is a redemptive caveat, however. *Holsey v. State*, 24 Tex.App. 35, 5 S.W. 523 (1887):

"... We will remark, however, that in the conduct of trials the directions prescribed by the statute should be strictly followed, and especially when those directions are insisted upon by the defendant. The legis-

lative will, when plainly expressed, should be observed and *rigidly adhered to by the court* in matters of practice, as well as in all other respects."

*Id.*, 5 S.W. at 524. See *Essary v. State*, 53 Tex.Cr.R. 596, 111 S.W. 927, at 929–931 (1908); *Owen v. State*, 52 Tex.Cr.R. 65, 105 S.W. 513 (1907):

"... [W]henever the statute provides a matter that may redound to the benefit of the accused on his trial, or that is authorized in his behalf, such provision of the statute *should be complied with and enforced.* Whatever the courts may think about such proceedings the Legislature has so provided, and the safe rule is to follow statutory enactments. To say the least of it, it will avoid questions for decisions on appeal without any necessity for such questions."

*Id.*, 105 S.W. at 514. Those views are harbingers of a "valuable right."

### 1

From *Holsey* the Court would develop rules concerning failure or refusal of the prosecutor to make an opening statement.

While the State has the right to open, *Himmelfarb v. State*, 76 Tex.Cr.R. 173, 174 S.W. 586, at 588 (1915), there is no error in the refusal of the district attorney to state what the State would undertake to prove. *Poole v. State*, 45 Tex.Cr.R. 348, 76 S.W. 565, at 567 (1903). When no injury to accused is shown, there is no error in refusal of the trial court to require the prosecutor to make an opening statement. *Bell v. State*, 80 Tex. Cr.R. 478, 190 S.W. 732, at 733 (1916); accord: *Brown v. State*, 87 Tex.Cr.R. 261, 222 S.W. 252, at 254 (1920). Should the district

---

2. All requisites initially codified in O.C. 580 remained substantially the same until 1965; then step 1 was amended to clarify that enhancement allegations in a charging instrument "shall not be read until the hearing on punishment is held," and step 8 was added. Compare Oldham & White, *Digest of the General Statute Laws* (1859) O.C. 580, at 633–634 (Act of August 26, 1856), with steps enumerated in the majority at 789, n. 2.

The majority says the right to make an opening statement is "not a constitutional imperative or mandate." At 789. Still, the Court has declared it to be "a valuable statutory right," such that when an accused properly demands to exercise it and is refused "the presumption of injury will obtain" in the appellate court called upon to enforce the right. *McBride v. State*, 110 Tex. Cr.R. 308, 7 S.W.2d 1091 (1928).

attorney state what he expects to prove but fails to prove it at trial, any harm is against the State and favorable to defendant. *Herndon v. State*, 82 Tex.Cr.R. 232, 198 S.W. 788, at 790 (1917). Where the prosecutor outlines what he expects to prove about assaultive conduct towards the victim and rests his case-in-chief without calling the victim, defendant is entitled to demand that the State place the victim on the stand to complete its case rather than withhold him and on the theory of rebuttal testimony then present testimony of intent to kill. *Cannon v. State*, 84 Tex.Cr.R. 479, 208 S.W. 660, at 661 (1919) (defendant may require State to develop its case upon its original showing, so that he would have its full case to meet with his defensive propositions). Trial court erred in refusing request to require counsel for the State, who said he did not desire to do so, to make a statement of its case; possible injury appears in that it was a circumstantial evidence murder case, closely contested on the issue of criminal culpability and appointed counsel manifested some difficulty in understanding fully the nature of the State's case. *Walsh v. State*, 85 Tex.Cr.R. 208, 211 S.W. 241, at 242 (1918). But see *Wray v. State*, 89 Tex.Cr.R. 632, 232 S.W. 808, at 811 (1921) (on motion for rehearing) (impossible to lay down any rule of value except to reserve to Court its right to say whether injury appears from refusal to require prosecutor to make opening statement).[3]

### 2

Meanwhile during generally the same period the Court was fashioning rules dealing with an opening statement by the accused under step five, and to those we now turn.

While the accused also has the right to make an opening statement at the point and on matters prescribed by the statute, it is not error for the trial court to preclude him from stating matter inadmissible in evidence and from making argumentative and prejudicial remarks in his favor. *Meyer v. State*, 41 S.W. 632, at 633 (Tex.Cr.App.1897); *Sue v. State*, 52 Tex.Cr.R. 122, 105 S.W. 804, at 806 (1907). Nor is it error to refuse his request to state his defense to the jury just after his plea of not guilty was entered (whether before or after the State opened is not mentioned). *Owen v. State*, 52 Tex.Cr.R. 65, 105 S.W. 513, at 514 (1907). But when the accused invoked and insisted on making an opening statement at the proper time, the trial court erred in "overrul[ing] the plain letter of the statute." *House v. State*, 75 Tex.Cr.R. 338, 171 S.W. 206 (1914).[4] In *House* the Court regarded denial of right of

---

**3.** Presiding Judge W.L. Davidson wrote several of the prior opinions finding reversible error where the State was not required to open. He passed away January 25, 1921, having served the Court some thirty years. Judge Frank Lee Hawkins filled the vacancy February 8, 1921.

Judge Offa S. Lattimore, who came to the Court January 1, 1919, wrote the opinion on rehearing in *Wray*, supra, delivered June 22, 1921. Elaborating on adoption of the new position taken by the Court, Judge Lattimore explained:

"... If we should say that it was reversible error not to grant such request, the question would then be raised in every case brought before us as to whether the statement made by the prosecutor was sufficiently full and fair and accurate, or was oppressive, harsh, and unsupported by the subsequent testimony introduced by the state. We content ourselves with saying that we think this court has gone as far in laying down the rule applicable as we feel justified in doing."

*Id.*, 232 S.W. at 811. As shall be seen *post*, Judge Lattimore would continue to lead the Court away from aegis of Presiding Judge Davidson in its diligent enforcement of "directory" provisions of the statute.

**4.** In a colloquy following his request the trial judge said, "It is not customary, and that has not been the practice." Counsel protested, "But it is the statute.... It is the plain letter of the statute." The judge rejoined, "I will overrule the plain letter of the statute. You will have plenty of time to argue the case when the evidence is in." *Id.*, 171 S.W. at 207.

After discussing the law and other matters of record, speaking through Judge Davidson the Court admonished the court below, and in effect all others, *viz:*

"The court should not have 'overruled the plain letter of the statute,' but should have enforced 'the plain letter of the statute.'" Statutes are made for enforcement and to be observed, and not to be overridden and nullified. The Legislature must have thought that it was worth while to enact this statute, and that it was according to the accused a right to be heard as to the nature of his evidence to be

an accused to make his opening statement at the proper time to be clear "material error;" however, Judge Davidson apparently had not considered whether the teaching in *Holsey*, supra, that step three relating to the prosecutor is "directory" rather than "mandatory," might also apply to step five relating to the accused. A year after *House* and over his dissent, a majority of the Court made clear step five too is "directory," such that injury must be shown before denial of the right is reversible error. *White v. State*, 78 Tex. Cr.R. 216, 181 S.W. 192, at 193 (1915). Then the following year Judge Morrow wrote an opinion for the Court clarifying the matter, *viz:*

> "The correct view, we think, is that there rests in the court the judicial discretion to control the statement and limit it to its proper scope, and that when an accused in a timely manner seeks to avail himself of the privilege of making an opening statement, and does not seek to abuse the privilege by commenting upon improper or inadmissible facts, converting it into argument or otherwise misusing it, it should be accorded, and when its denial, under these circumstances, is properly brought before this court for review, the denial will not be sanctioned. *House v. State*, 171 S.W. 206."

*Dugan v. State*, 82 Tex.Cr.R. 422, 199 S.W. 616, at 617 (1917). Pointing out that defendant had shown he attempted to invoke his right in a timely manner and upon denial had advised the court of the substance and scope of his proposed statement and explained how it would aid the jury in understanding and applying the evidence, the Court concluded:

> "... The court, as above stated, was vested with the judicial discretion to pass on the proposed statement, and the relevancy of the matters of evidence therein suggested, *but not with the discretion to deny the privilege of making a proper statement.* [citation omitted]. We cannot say that the proposed statement would not have been

introduced before it was introduced. This is not a case of failure to ask or a waiver of his right, but rather a strenuous insistence that his rights be observed and be accorded to him.

beneficial to appellant in enabling the jury to comprehend his defenses, and apply the evidence thereto."

*Ibid. Accord: Walsh v. State*, 85 Tex.Cr.R. 208, 211 S.W. 241, at 242–243 (1918); *Brown v. State*, 90 Tex.Cr.R. 231, 234 S.W. 390 (1921); see also *Hooper v. State*, 100 Tex. Cr.R. 147, 272 S.W. 493, at 495 (1925).

In *McBride v. State*, 110 Tex.Cr.R. 308, 7 S.W.2d 1091 (1928), the Commission of Appeals followed closely the decisions of the Court in *House v. State* and *Dugan v. State*, both supra, to find reversible error in denying defendant's request to make an opening statement. *Id.*, at 1092. The opinion was examined by the judges and approved by the Court. *Id.*, at 1093. On State's motion for rehearing, however, Judge Lattimore agreed with the State that no error was committed in that respect, took the opportunity to revisit leading opinions, to approve some and disapprove others and, finally, to reiterate old and announce new views of the Court on several matters implicated in steps three and five. *Id.*, at 1094. Concerning opening statements, the trial court does not have the right to compel either side to make one. As to the accused, although the statute is directory, because it does expressly grant to accused at a certain time and place in the proceeding "the right to make the statement, such right, if properly claimed, cannot be arbitrarily denied him.... [W]hen the request for leave to make such statement is made in its due order, and is refused, the denial being of a statutory grant, *the presumption of injury will obtain.*" *Ibid.* Summing up, Judge Lattimore justified the rulings thus:

> "... We have gone into this at some length in an effort to clarify our position upon this matter, in view of the fact that the opinions seem somewhat confusing both as to the rights of the state and the defendant in this matter. Where there are statutory directions, *same should be*

Whenever this provision is sought to be used by defendant at the proper time, the court should permit it."
*Id.*, at 208.

*obeyed by the state and the accused,* and the accused should make his offered statement at the time and place set out in the statute, and the court should give the right to make it at such time."

*Ibid.*

B

In light of its purpose, objective and rulings, the *McBride* court rendered what must be considered a watershed opinion.[5] As

tracked in the margin, at least part of the developing caselaw appears to be leading inexorably to legislative modification of the order in which an accused may claim the "valuable statutory right" to make an opening statement. Acts 1987, 70th Leg., Ch. 519. p. 2129, § 1, effective September 1, 1987 ("H.B. 679").

II

Although this Court invoked a "technicality" to avoid addressing the issue on its mer-

5. With respect to requiring an opening statement by the State, the practice remained unchanged. See, e.g., *McDaniel v. State,* 119 Tex.Cr.R. 442, 42 S.W.2d 435, at 437 (1931); *McClendon v. State,* 119 Tex.Cr.R. 29, 44 S.W.2d 724 (1931); *Flannery v. State,* 673 S.W.2d 592, at 594 (Tex. App.—Tyler 1983), affirmed on other grounds, 676 S.W.2d 369 (1984); *Sanders v. State,* 688 S.W.2d 676, at 678 (Tex.App.—Dallas 1985), PDR refused. But see *Simmons v. State,* 504 S.W.2d 465, at 472 (Tex.Cr.App.1974) (no error where although court granted pretrial request to require State to make opening statement, without objection prosecutor placed witness on stand and drew brief testimony from her; court stopped proceedings and asked counsel whether he still wanted an opening statement; counsel refused to take a position, and over his objection court directed State to make one); *Hill v. State,* 403 S.W.2d 421, at 424–425 (Tex.Cr.App.1966) (refusal of trial court to require complete opening statement detailing facts not reversible error when claimed omissions involve acts of accused and injury not shown).

As to defendant making an opening statement, the following are fairly consistent with the lessons of *McBride.*

Under former statute court may refuse opening statement just after reading of indictment absent showing of special pleas, *Ballard v. State,* 514 S.W.2d 267, at 268 (Tex.Cr.App.1974); after plea of not guilty entered, *Owen v. State,* 52 Tex.Cr.R. 65, 105 S.W. 513, at 514 (1907); immediately after opening statement by State, *Taylor v. State,* 630 S.W.2d 824–825 (Tex.App.—Houston [1st] 1982), no PDR; before State begins to present evidence, *Atkinson v. State,* 523 S.W.2d 708, at 710–711 (Tex.Cr.App.1975). But see *Nickerson v. State,* 686 S.W.2d 294, at 298 (Tex.App.—Houston [14th] 1985), PDR refused (suggesting in circumstances of defendant trial court should have allowed him opening statement following that of prosecutor).

Defendant has the right to make a statement through counsel, but not to insist on personally making it to the jury in lieu of counsel, unless counsel could not make it. *Foster v. State,* 148 Tex.Cr.R. 372, 187 S.W.2d 575, at 576 (1945). *Accord: Cameron v. State,* 153 Tex.Cr.R. 29, 217

S.W.2d 23, at 24 (1949); *Caraway v. State,* 417 S.W.2d 159, at 161 (Tex.Cr.App.1967).

Request to make opening statement untimely when made after defendant presented first witness, albeit testimony to his good character; *House v. State,* supra, limited by *McBride v. State,* supra. *Johnson v. State,* 167 Tex.Cr.R. 289, 319 S.W.2d 720, at 721–722 (1958);

The privilege to make such statement is a "valuable right" provided by statute, and if denied would constitute error; therefore, the trial judge should not have thereafter orally instructed the jury not to consider statements of counsel as any evidence in the case, but merely as a statement of what he intends to prove—unless counsel failed to make that plain. *Kennedy v. State,* 150 Tex.Cr.R. 215, 200 S.W.2d 400, at 407–408 (1947). *Accord: Price v. State,* 167 Tex.Cr.R. 105, 318 S.W.2d 648 (1958) (valuable right); *Crew v. State,* 387 S.W.2d 898, at 899 (Tex.Cr. App.1965) (valuable right); *Caraway v. State,* supra, at 161 (valuable right, denial of timely request to make same constitutes reversible error).

No error is presented because trial judge conditioned grant on limiting statement to defenses relied on and facts expected to prove, and ruled out "general jury argument at that time." *Reagan v. State,* 423 S.W.2d 335, at 337 (Tex.Cr.App. 1968). *Accord: St. Pe v. State,* 495 S.W.2d 224, at 225 (Tex.Cr.App.1973) (not error to refuse request to inform jury about nondefensive matters, e.g., intent to prove temporary insanity due to voluntary use of drugs in mitigation of punishment); *Norton v. State,* 564 S.W.2d 714, at 718 (Tex.Cr.App.1978) (opening statement properly denied where accused will not call witness or present defensive evidence; may not inform jury relying on defense of not guilty and facts State presents); cf. *Nickerson v. State,* supra (request should have been granted to allow explanation his cross-examination of State's witnesses was to prove defensive theory that prosecution relying on uncorroborated accomplice testimony); *Ford v. State,* 835 S.W.2d 784, at 787 (Tex.App.— Houston [14th] 1992), reversed and remanded on other grounds 846 S.W.2d 850 (Tex.Cr.App.1993) (court may require good faith representation as to defensive witnesses and expected proof).

its in Dunn v. State, 819 S.W.2d 510 (Tex.Cr. App.1991), several appellate courts have considered it in other causes, *viz:*

Farrar v. State, 784 S.W.2d 54 (Tex.App.— Dallas 1989), no PDR;

Arriaga v. State, 804 S.W.2d 271 (Tex. App.—San Antonio 1991), PDR refused;

Taylor v. State, 825 S.W.2d 518 (Tex. App.—Houston [1st] 1992), PDR refused.

Because the majority undertakes to distinguish those decisions on the factual posture of each, I propose first to address the issue raised under Article 36.01(b) as a matter of first impression, and then examine the approach of three cases above.

### A

It occurs to me that when the Legislature provides an optional place in the order of proceedings for an accused to demand his "valuable statutory right" to make an opening statement, all other things previously considered, the State through its prosecutor may not effectively preclude the accused from exercising that right by choosing not to make its own opening statement unless backed up by persuasive indicia (other than "silence") the Legislature had that contingency in mind while enacting the amendment.

As matters then stood, notwithstanding statutory dictates, should the State forfeit, the fact the prosecutor could not be compelled to make, an opening statement would not adversely impact the statutory right of accused to make one at the point later provided. As so prescribed, however, his statement must be confined to the nature of defenses and supporting facts to be proved. See Note 5, *ante.*

Judicial construction of the former statute thus created a procedural bar against every accused prepared and ready to support his plea of "not guilty" with viable defensive theories, albeit not a "defense" or "affirmative defense" recognized by the Penal Code. The bar was there whether the prosecutor opened or not. See, e.g., *Atkinson v. State,* supra, at 710; *Taylor v. State,* supra, 630

S.W.2d at 824–825; *Nickerson v. State,* supra, at 298.

Decided in 1985, the *Nickerson* case exemplifies the recurring resultant problem, *viz:*

"Appellant alleges ... the trial court denied him a fair trial by preventing him from presenting an opening statement prior to the presentation of the state's case in chief. * * * He objects to a strict application of the statute, however, on grounds that the state's witnesses were also his witnesses. Therefore, he needed an opportunity to explain to the jury that he would be cross-examining the state's witnesses to prove his defensive theory, i.e. that the state was relying on uncorroborated accomplice testimony. Appellant claims he was denied a fair trial because the jury was left with the impression that the witnesses were solely witnesses for the state. While we agree the trial court should have allowed appellant to make an opening statement following that of the prosecution *under these circumstances,* we hold it was not reversible error for the court to adhere to the statute absent a showing by the appellant that he was in fact harmed by the denial."

*Id.,* at 298 (emphasis in original).

Having looked at the old law and, it is believed, identified at least one major evil, let us now consider the legislative remedy. Code Construction Act, 3 V.T.C.A. Government Code § 312.005 (Vernon 1988).

H.B. 679 proposed a single purpose act relating to the order of proceeding in a criminal trial. It amends only Article 36.01 in two significant respects: first, to except operation of certain steps in subsection (a), as provided in subsection (b), *viz:*

"(b) The defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the State's

testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner prescribed in subsection (a) of this article."

Acts 1987, 70th Leg. Ch. 519, § 1, at 2129–2130. The order remaining to be taken in subsection (a), then, is step 7 (rebutting testimony) and step 8 (on finding of guilt, further proceedings under Article 37.07).

Under plain terms of subsection (a) and as judicially construed, accused had the absolute valuable statutory right to make an opening statement in due course of the order of proceedings—whether the prosecution has made one or not. Now to conjure that the Legislature would grant defendant the option of a partial alternative order of proceedings, conditioned solely on whether the prosecution first makes an opening statement that may not be compelled, is to concoct a Hobson's choice that cannot be justified by simply saying the amendment is "silent" on that point. Majority at 789–790.

The majority properly attributes to the Legislature an "awareness' that although the statute says the prosecutor "shall" make an opening statement, the Court has interpreted the statute to allow that privilege be forfeited. Yet, it then suggests that the Legislature could have "easily provided" for defendant to make his statement "immediately *before* the State's testimony is offered" rather than "immediately *after* the attorney representing the State makes the opening statement for the State," failing which "we are compelled to follow the language of the statute as written." *Id.*, at 790 (emphasis in original). But, in my view, we are compelled to construe the amendment in light of the attributed awareness of the Legislature that the prosecutor may well "waive opening statement," in which event the Legislature contemplated that counsel for defendant will then proceed to make the opening statement for his client—"immediately *before* the State's testimony is offered." The Dallas Court of Appeals thus correctly concluded that by its 1987 amendment the Legislature "gave the defendant the tactical choice of

determining when to make an opening statement," and did not intend to give "the State the ability to determine defense counsel's rights under the article," and thus "defeat[ ] the right that article 36.01 affords." *Moore v. State,* 829 S.W.2d 390, at 393 (Tex.App.—Dallas 1992).

Furthermore, since the Legislature acted to provide the partial alternative order of proceeding in its next regular session following the opinion in *Nickerson v. State,* supra, it is reasonable for us to assume the Legislature undertook to devise a responsive amendment to resolve that recurring problem along the lines suggested by the Houston [1st] Court of Appeals. See, e.g., *Grunsfeld v. State,* 843 S.W.2d 521, at 523 (Tex.Cr.App. 1992).

The majority points out that under the former statute the Court held a defendant is not entitled to make an opening statement when he will not present witnesses or evidence in his defense, citing *Norton v. State,* supra at 718. At 790. To the same effect are other decisions summarized in note 5, final para., *ante.* None took the phrase in step five, "nature of the defenses relied upon" to mean only what are today identified in the penal code as "defense" and "affirmative defense." Rather, traditionally it connoted any "defensive theory" advanced by defendant. See 1 Branch's Annotated Penal Code (2d Ed.1956) § 372, at 393, and cases cited therein; see also *Hooper v. State,* supra, 272 S.W. at 495 (error to refuse "statement of what he expected to rely upon for his defense").

In the instant cause the court of appeals said that "the defensive theory was someone else committed the robbery," and the defense had several witnesses testify that "the person handling the gun during the robbery was someone other than appellant," so that:

"... By not allowing defense counsel to make an opening statement before the State put on its evidence, the jury could not evaluate the State's evidence while considering the defense's position. *Arriaga,* 804 S.W.2d at 276."

*Moore,* supra, at 394.

In my judgment, again the Dallas Court of Appeals is correct, and there is no need to

examine the other three opinions, i.e., *Farrar, Arriaga,* and *Taylor,* the latter two from the San Antonio and Houston [1st] courts, respectively. Three courts of appeals are thus of like mind with respect to the option afforded an accused by subsection (b), and the majority cites none to the contrary.

For all those reasons the majority erred to hold that Article 36.01(b) is inapplicable in cases in which the State forfeits its opening statement.

The Court should affirm the judgment of the Dallas Court of Appeals, and because it does not I respectfully dissent.