In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00093-CR


______________________________




EARNEST LOVE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 00-0189X




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Earnest Love appeals the judgment of the trial court. A jury found Love guilty of aggravated
assault, Tex. Pen. Code Ann. § 22.02 (Vernon 1994), (1) and assessed his punishment at thirteen years'
confinement in the Texas Department of Criminal Justice-Institutional Division. The trial court
made an affirmative finding regarding the use of a deadly weapon.

 On appeal, Love raises one issue: that the trial court reversibly erred at the punishment phase
by refusing his request to make an opening statement to the jury, thereby denying him a fair and
impartial trial. 

 The legal and factual sufficiency of the evidence is not challenged. The events in question
occurred on October 15, 2000, at the Winn-Dixie Supermarket on U.S. Highway 59 in Marshall,
Harrison County, Texas. Love had formerly been an employee at the store, but had been terminated. 
On the 15th, Love returned to the store, entered the men's restroom, and sat in one of the stalls with
his pants on. At 9:00 and 9:30 p.m., employees noticed someone in the men's restroom stall. One
of the employees recognized Love as a former employee. Finally, around 10:00 p.m., the assistant
manager, Crea Davis, was called to investigate. She and other employees entered the men's restroom
and called out to the man in the stall. Love then came out of the stall with a mask on and pointing
a gun. Davis and the employees who entered the men's restroom with her were herded at gunpoint
into a closet. As Love went back into the main part of the store, he encountered another employee,
whom he locked in another closet. This employee had a cellular telephone and called 9-1-1. Love
then left the store through a back entrance, just ahead of the arriving police. He was apprehended
the next day, and he gave a voluntary statement to the police. Love testified at trial on his own
behalf acknowledging the use of the gun in a threatening manner, but denying he had any intention
of robbing the store. He testified that he was angry over having been fired and that he wished to
scare the people who had fired him. There was no evidence Love took anything from the store on
the night of the incident. In fact, one of the defense witnesses was a Winn-Dixie employee, Sue
Hanks, a cashier, who testified that Love did not come into her area of the store that night and that
she was unaware of any untoward activity. 

 As to the issue raised on appeal, the right to make an opening statement is a statutory one,
not a constitutional imperative or mandate. Moore v. State, 868 S.W.2d 787, 788-89 (Tex. Crim.
App. 1993). Love acknowledges that Chapters 36 and 37 of the Code of Criminal Procedure govern
trial proceedings generally, including the giving of opening statements. (2) Tex. Code Crim. Proc.
Ann. art. 36.01(a)(3) (Vernon Supp. 2002), applicable to the guilt/innocence phase of the trial,
provides that the State's attorney shall state to the jury the nature of the accusation and the facts
which are expected to be proved by the State in support thereof. Article 36.01(a)(5) prescribes an
opening statement by the defense, which Article 36.01(b) provides may be made immediately after
the opening statement by the State. Tex. Code Crim. Proc. Ann. art. 36.01(a)(5), (b) (Vernon
Supp. 2002). The failure to permit a defendant to make an opening statement in the guilt/innocence
phase of the trial may constitute reversible error. See Espinosa v. State, 29 S.W.3d 257, 259 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). (3)

 However, Chapter 37 of the Code, pertaining to the punishment phase of a criminal trial, does
not provide for opening statements. In Penry v. State, 903 S.W.2d 715 (Tex. Crim. App. 1995), the
Court of Criminal Appeals held that the opening statement requirements of Chapter 36 are
inapplicable to punishment proceedings. Id. at 760.

 Love has cited Dugan v. State, 82 Tex. Crim. 422, 199 S.W. 616 (1917), in support of his
position. While that case does recognize that a defendant has the privilege to make an opening
statement and gives recognition to the importance of such a statement, it is referring in the opinion
to the guilt/innocence determination, not to punishment. Id. at 616-17. We note that in the present
case, Love's counsel was permitted to and did present a closing statement after presentation of the
punishment evidence in which his argument for a lighter sentence, including community supervision,
is made. This argument, as well as defense counsel's opening statement at the guilt/innocence stage, (4)
were acknowledged in the State's brief to have been performed "fully and well." We agree with the
State's assessment.

 We hold, therefore, that as the right of an accused to present an opening statement is derived
solely from statute, and that the applicable statute, Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon
Supp. 2002), makes no provision for opening statements at the punishment phase of the trial, the trial
court did not err in refusing Love's counsel's request to make an opening statement before the
presentation of his punishment evidence.

 Finding no reversible error, the judgment of the trial court is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: January 7, 2002

Date Decided: January 25, 2002


Publish
1. The indictment in this case charged Love with aggravated robbery. The theory of the
defense was that there was no evidence of robbery and that Love was guilty only of aggravated
assault. See Tex. Pen. Code Ann. § 22.02 (Vernon 1994). In addition to aggravated robbery, the
jury was instructed on aggravated assault. It returned its guilty verdict on the offense of aggravated
assault. 
2. See Tex. Code Crim. Proc. Ann. arts. 36.01, 37.01, et seq. (Vernon 1981 & Supp. 2002)
.
3. Espinosa recognized that even failure to allow a defendant to make an opening statement
in the guilt/innocence phase of the trial pursuant to Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon
Supp. 2002) is subject to harmless error analysis. Espinosa v. State, 29 S.W.3d 257, 259-60 (Tex.
App.-Houston [14th Dist.] 2000. pet. ref'd).
4. Counsel's opening statement acknowledged Love's responsibility for criminal activity,
arguing that there was no evidence of Love's robbery and that the charge should have been
aggravated assault and not aggravated robbery. The jury was in agreement.




medication for bipolar disorder, and that he was placed in some kind of "institution" in Tyler.
            Article 46.02, § 2(b) states: 
If during the trial evidence of the defendant's incompetency is brought to the
attention of the court from any source, the court must conduct a hearing out of the
presence of the jury to determine whether or not there is evidence to support a finding
of incompetency to stand trial. 

            A defendant is not competent to stand trial if he or she does not have a sufficient ability to
consult with the attorney with a reasonable degree of rational understanding, or a rational or factual
understanding of the proceedings against the person. Tex. Code Crim. Proc. Ann. art. 46.02,
§ 1(a)(1), (2).


 A defendant is presumed to be competent and shall be found competent to stand trial
unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art.
46.02, § 1(b) (Vernon 1979). 
            When evidence of incompetency of the defendant is offered during the trial that raises a bona
fide doubt in the trial court's mind concerning competency, the trial court must conduct an inquiry
referred to as a "Section 2(b) inquiry" to determine whether there is evidence to support a finding
of incompetency to stand trial. Generally, a "bona fide" doubt is raised only when the evidence
indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by
the defendant. Alcott v. State, 51 S.W.3d 596, 599 (Tex. Crim. App. 2001); Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). 
            The procedure the trial court is to follow has been delineated by the Texas Court of Criminal
Appeals:
1) if a competency issue is raised by the defendant, any party, or the court; and 
 
2) evidence of incompetency is brought to the attention of the trial court by the
defendant, any party, or the court;
 
3) of the type to raise a bona fide doubt in the judge's mind regarding the defendant's
competency to stand trial; then
 
4) the judge must conduct a Section 2 "competency inquiry" to determine if there is
some evidence sufficient to support a finding of incompetence, and if there is,
 
5) the judge must impanel a jury for a Section 4 "competency hearing."

            The requirements of each step must be fulfilled before moving on to the next. McDaniel v.
State, 98 S.W.3d 704, 710–11 (Tex. Crim. App. 2003).
Analysis
            The fact that Myers entered a guilty plea and then changed the plea to not guilty does not
present a bona fide doubt as to his competency. Many other reasons explain the entry of the plea. 
Myers did not deny the allegations against him. In his trial testimony, Myers admitted the elements
of the crime by stating he and another individual went to the victim's house intending to steal money
to buy cocaine and that he kicked the victim and hit him with a pipe wrench. 
            The fact that Myers has been treated for some mental health related problems does not per se
warrant the trial court empaneling a separate jury to conduct a competency hearing where there is
no evidence indicating the defendant is incapable of consulting with counsel or understanding the
proceedings against him or her. See Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999). 
A trial court is within its power to find a defendant competent without a Section 2 hearing despite
evidence of depression or prior hospitalization when such evidence fails to indicate adequately either
severe mental illness or recent impairment. Id. (citing State v. Thompson, 915 S.W.2d 897, 902
(Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)). 
            Here, the evidence revealed that Myers had been diagnosed with bipolar disorder, for which
he was prescribed medication. Myers testified he had been admitted to several hospitals during his
lifetime, but there is no evidence from any source showing severe mental illness, mental retardation,
or truly bizarre acts. Further, the evidence in this record affirmatively demonstrates that Myers
understood the nature of the proceedings against him and was able to communicate with his counsel
with a reasonable degree of rational understanding. 
            Before the commencement of the evidence, Myers testified that he understood he was
charged with aggravated robbery and that it was a first-degree felony. He further understood the
State would recommend a sentence of fifteen years' confinement on his plea of guilty. Instead, he
elected to go forward with the trial. During the guilt/innocence phase of the trial, Myers testified. 
On direct examination by his counsel, Myers demonstrated a complete understanding of the factual
charges against him. He explained that his cousin chose the house to rob; that his cousin knocked
down the victim; that Myers kicked the victim and hit him with a pipe wrench; and that he was afraid
his cousin would kill Myers if he did not hit the victim. On cross-examination, Myers stated that
they were robbing the home to steal money to buy cocaine; that he did not think anyone would be
at the house; that his cousin hit the victim first; that he hit the victim in the back of the head; that
Myers and his cousin then left in the victim's truck; and that he was not trying to kill the victim. 
            The trial court had a significant volume of testimony from Myers concerning the details of
the case to use in evaluating whether there was a bona fide doubt as to Myers' competency. This
testimony reveals that Myers understood the facts underlying the particular charge pending against
him. Further, there is no evidence Myers could not communicate with his counsel with a reasonable
degree of rational understanding. To the contrary, the evidence demonstrates a rational dialogue
between Myers and his counsel. The Texas Court of Criminal Appeals has held that a trial court 
may consider the actions and statements of a defendant in court in determining whether there is a
bona fide doubt as to the defendant's competency. McDaniel, 98 S.W.3d at 710–11 n.19.
            Several courts have upheld the trial court's failure to conduct a competency inquiry under
similar circumstances. Since these cases are unreported, they have no precedential value, but we find
the reasoning to be persuasive. Martinez v. State, No. 05-01-01770-CR, 2003 Tex. App. LEXIS
5638 (Tex. App.—Dallas June 30, 2003, no pet.) (not designated for publication) (defendant was
hospitalized several times and received medical attention for chemical dependency, depression, and
bipolar disorder. This was not found to trigger the incompetency inquiry. His behavior at the
punishment hearing contradicted the incompetency claim.); Smylie v. State, No. 09-00-170CR, 2001
Tex. App. LEXIS 5425 (Tex. App.—Beaumont Aug. 8, 2001, pet. ref'd) (not designated for
publication) (Evidence of bipolar disorder for which defendant was taking medication showed no
evidence of recent severe mental illness or inability to communicate with counsel); Liles v. State,
No.14-99-00590-CR, 2000 Tex. App. LEXIS 3054 (Tex. App.—Houston [14th Dist.] May 11, 2000,
no pet.) (not designated for publication) (diagnosis with bipolar disorder, depression, and paranoid
personality traits, but no evidence of recent mental illness or inability to communicate with
counsel–failure to conduct hearing not an abuse of discretion).
            The trial court has the discretion to determine whether the evidence raised a bona fide doubt
regarding a defendant's competency. See Ross v. State, 133 S.W.3d 618, 627 (Tex. Crim. App.
2004). If there is not sufficient evidence to raise a bona fide doubt as to the defendant's competency,
the trial court does not abuse its discretion in failing to conduct an inquiry into competency. Harris
v. State, No. 06-02-00224-CR, 2003 Tex. App. LEXIS 4921 (Tex. App.—Texarkana June 12, 2003,
pet. ref'd) (not designated for publication). 
            While Myers did present evidence of prior mental or emotional problems, none of the
evidence indicated that such problems precluded him from possessing a rational and factual
understanding of the proceedings against him or that he was unable to consult with his attorney with
a reasonable degree of rational understanding. Without evidence to raise a bona fide doubt regarding
Myers' competency to stand trial, the trial court did not abuse its discretion in failing to conduct a
competency inquiry. 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          September 1, 2004
Date Decided:             October 5, 2004

Do Not Publish